Walker, Administrator, v. Lathrop.

---

## WALKER, Adm'r. *v.* LATHROP.

Where it appears from the exemplification of a foreign judgment, that the defendant appeared, and submitted to the jurisdiction of the court, he cannot in a subsequent action on the judgment, object that he had no notice of the former suit.

An allegation in a petition, not denied by the answer, is to be taken as true, and requires no proof.

Where a party seeks to recover for money paid as surety for another, his cause of action accrues at the time when the money is paid; and from that time, the statute of limitations commences to run.

Where in action to recover money paid as surety for the defendant, under a judgment rendered in April, 1849, the answer alleged : 1. That more than ten years had elapsed since the recovery of the said judgment ; 2. That the defendant did not *undertake and promise* at any time within five years, or within ten years, or at any time since the taking effect of the Code; and the court found for the plaintiff, and rendered judgment in his favor; *Held,* That the judgment was correct.

### *Appeal from the Henry District Court.*

WEDNESDAY, OCTOBER 13.

In October, 1839, Foster & Easton recovered judgment in the circuit court of Dearborn county, Indiana, against the defendant and one Folbre. Prior to 1849, Bailey became what is termed in the record, " replevin bail," for the security and payment of said judgment ; and in April of that year, the said judgment, by a proceeding in *scire facias*, was revived against the said defendants and the said Bailey. This action is brought by the administrator

of Bailey, to recover the amount paid by decedent, in discharge and satisfaction of said judgment. Judgment for plaintiff, and defendant appeals. The other facts will appear in the opinion of the court.

*Palmer & McFarland*, for the appellant.

*Marsh & Craig*, for the appellee.

WRIGHT, C. J.—It is first objected, that defendant had no notice of the pendency of the action originally brought by Foster & Easton, in Indiana, nor of the proceeding by *scire facias*. The record discloses, however, that he appeared to the action, and submitted to the jurisdiction of the court. Having so appeared, he cannot now object that he had no notice—or rather it is immaterial whether he was or not, served with notice.

Appellant next insists, that there was not sufficient evidence to justify the judgment in favor of plaintiff. In what respect it was insufficient, under the state of the pleadings, we do not perceive. The answer of defendant consists of ten clauses, seven of which set up, or attempt to set up, the statute of limitations. Of the others, the *second* may, for the purpose of this case, be treated as a plea of *nul tiel record*; the third insists that said judgment is paid; and the seventh, denies that Bailey became "replevin bail," or that he did so at the request of the defendant. The transcript of the judgment, and the proceedings by *scire facias*, are regularly certified, and show conclusively, that there is such a record as that relied upon by plaintiff. Of the payment of the judgment by defendant, there was no proof. That Bailey did become "replevin bail," was settled by the *scire facias* proceedings, in Indiana—and there is nothing in the record, or otherwise, to contradict this. After the appearance of defendant to those proceedings, and after the finding of the court in Indiana, that Bailey was liable as such surety, it was not ne-

cessary for plaintiff to show, that defendant requested Bailey to become his bail.

In argument, it is insisted that there was no evidence showing that Bailey had paid said judgment. Such payment is not denied by the answer, however, and proof upon this subject was therefore unnecessary. We do not say that the proof was insufficient, upon the supposition that there was a denial. This might involve the question, as to how far the return of the sheriff upon an execution issued on the judgment in Indiana, would be evidence as to who paid the same. Without discussing that point, it is sufficient to say, that it is expressly averred in the petition, that the judgment was paid by the sale of the property of the plaintiff's intestate. This is in no manner denied, and is therefore to be taken as true.

Finally, it is urged, that judgment should have been for the defendant, upon so much of his answer as sets up the statute of limitations. If, however, we take as true all that is stated in this portion of the answer, the judgment was correct. *First*, the answer sets up that more than ten years have elapsed since the recovery of the judgment in the circuit court of Dearborn county, Indiana. The plaintiff, however, seeks to recover for money paid in satisfaction of this judgment. It was then that his cause of action accrued—that *prima facie*, the statute would commence running, and not when the judgment was rendered. In the next place, the answer insists that defendant did not undertake and promise at any time within five years, or within ten years, or at any time since the taking effect of the Code. Grant that he did not, and how is he benefitted? He may not have undertaken or promised within five or ten years, and yet the plaintiff's right of action, may have accrued within one year, or one month, before the commencement of the suit. When was he to pay, and not when did he promise, is the true inquiry. If, therefore, the court below had found for defendant, upon this portion of his answer, it would have been error, and plain-

tiff would have been entitled to judgment, notwithstanding such finding. As it stands, the finding and judgment were right, under the pleadings, and defendant has no cause for complaint. Without determining, therefore, whether plaintiff's claim was barred by the statute, we simply hold that the statute was not plead, and that the point made by defendant thereon, does not arise.

Judgment affirmed.