DENNISON v. SOPER et al.

33 183
d141 150
141 151

Principal and surety: RIGHT OF ACTION: ATTACHMENT. A surety on a promissory note cannot maintain an action or attachment proceeding against the principal until maturity of the note and payment thereof by him. Payment of the note subsequent to the commencement of the action will not suffice.

*Appeal from Linn District Court.*

WEDNESDAY, FEBRUARY 21.

PLAINTIFF alleges, in his petition, that, on the 22d day of October, 1869, he executed a joint and several promissory note with the defendants, of which the following is a copy :

" $1,000.      CENTER POINT, *October* 22, 1869.

" One year after date we promise to pay to the order of John Bell & Co., $1,000 with ten per cent interest, payable at Center Point, value received.

⎰ U. S. STAMP, ⎱                    C. SOPER,
⎱   50 CTS.  ⎰                    E. W. STEWART,
                                   B. W. HILLIARD,
                                   JONATHAN DENNISON.

" Renewed *Dec.* 21, 1870.
          " R. D. STEPHENS."

Plaintiff further alleges that he believes the note is in the possession of the payees; that he signed the note as surety only; that the same has not been paid; that plaintiff has not been indemnified or secured against loss by payment thereof by him. It is further alleged that the defendants (the other makers of the note) " have disposed of their property in part, with intent to defraud their creditors, and are now attempting to and are about to dispose of the balance of their property with intent to defraud their creditors, and that plaintiff is in imminent danger of being left to pay said note, and by the said

fraudulent acts of defendants entirely lose said amount; and, further, that if he is delayed until he can procure said note from the payees, said defendants will have their property fraudulently disposed of and beyond the reach of legal process. The action was commenced on the 2d day of March, 1870, more than seven months before the maturity of the note, the petition alleging that "nothing but time is wanting to fix an absolute indebtedness." The petition asked a writ of attachment against the property of the defendants, and that plaintiff have judgment for the amount of the note with interest and costs.

The material averments of the petition are all denied by the answer.

The cause was tried by the court upon the following evidence, viz. : "The original note with a renewal written across the face; an indorsement in blank by John Bell & Co.; an indorsement by R. E. Graves, president of First National Bank of Dubuque, Iowa, to R. D. Stephens for collection, and the testimony of the plaintiff as follows: "I signed the note in evidence as security only. I have not been in any manner secured or indemnified for signing said note. I paid said note about the 1st of January, 1871, and have received nothing for such payment." Thereupon the court rendered judgment for plaintiff for the amount of the note with interest and costs, to which defendants excepted and appeal.

*I. M. Preston & Son* for the appellants.

*Thompson & Davis* for the appellee.

MILLER, J. — From the record it appears that the plaintiff was a joint maker, with defendant, of the note upon which the action is based. As between plaintiff and defendants, he was surety only. He does not claim to own or have any property in the note, but bases his right of action against his co-makers solely upon the facts that

he was only a surety for them; that he was not indemnified against loss in case he paid the note; that the defendants have disposed of part of their property, with intent to defraud their creditors, and are about to dispose of the balance with like intent; and that after the action was brought and before judgment, he paid the note. We are unable to discover upon what principle the action is maintainable. The statute requires that "every action must be prosecuted in the name of the real party in interest," except in certain specified cases (Revision of 1860, § 2757). The "real party in interest" is the party having the beneficial interest; the party having the beneficial ownership; in this case, the holder of the note for value. See *Conyngham* v. *Smith*, 16 Iowa, 471; *Cottle* v. *Cole & Cole*, 20 id. 485; *Rice* v. *Savery*, 22 id. 470. The plaintiff had not, nor did he claim to have, any interest in the note. The exceptions to the above rule are specified in section 2758 of the Revision as follows: "An executor or administrator, a guardian, a trustee of an express trust, a party with whom or in whose name a contract is made for the benefit of another, or a party expressly authorized by statute, may sue in his own name, without joining with him the party for whose benefit the suit is prosecuted."

Now it is clearly manifest that the plaintiff occupied neither of the relations enumerated in the above provision. He was neither the real party in interest nor the trustee, agent or other representative of the real party. In some one or other of these capacities he must sue, if at all. He must have either the legal title or the beneficial interest to entitle him to sue on the note. *Cottle* v. *Cole & Cole*, *supra*.

A surety has no right of action against his principal, in respect to the debt for which he is surety, until he has paid such debt for his principal. *Walker* v. *Lathrop*, 6 Iowa, 516. Then, and not until then, does the surety have a cause of action against the principal. Chapter 75

of the Revision of 1860 provides a remedy for the benefit of sureties where they apprehend that the principal is about to become insolvent, etc., "*and a right of action has accrued on the contract;*" but we have no statutory provision affording such remedy before any right of action has accrued. And, with a single exception in the statute, the real party in interest, or the party having the legal title to a chose in action, cannot do so until the maturity of his claim or cause of action. *Whitney et al.* v. *Bird et al.*, 11 Iowa, 407. So that the lawful holders of the note in this case could not have maintained an action at the time this suit was brought, except for the purpose of availing themselves of the benefit of the provisional remedy of attachment, as provided in section 3178 of the Revision, and this section restricts the cases to those where "*nothing but time is wanting to fix an absolute indebtedness.*" In the case before us, there was no indebtedness whatever existing between the plaintiff and defendants. The plaintiff held no claim against defendants on the note which time would mature or render absolute. The claim itself only came into being when the plaintiff paid the note, which was after suit brought. Whether there ever would become an indebtedness at all depended upon this contingency. There was no previous indebtedness which time *alone* would render absolute. The subsequent *act of payment* by plaintiff was necessary, not only to render the claim absolute, but to *create* an indebtedness.

We are therefore of opinion that the action, at the time it was brought, was not maintainable in the name of the plaintiff, though it might have been in the names of the holders of the note; and the payment of the note by plaintiff ten months after the suit was commenced did not entitle him to judgment.

Reversed.