WOOD v. SMITH ET AL.

1. **Mortgage: SUBROGATION.** Where a mortgage debt forms a part of the consideration of the purchase, although the purchaser has not entered into any contract or agreement by deed or other writing to pay it, the grantor becomes as between the parties the surety of the grantee, and if he pay the mortgage debt he has the right to be subrogated to all the rights of the mortgagee.

2. ———: **RESCISSION OF CONTRACT.** The fact that the parties agreed to rescind the contract of purchase, which agreement was never carried out, but was repudiated by the purchaser, would not affect the right of the grantor to be reimbursed for the amount he has paid in discharge of the mortgage debt.

3. ———: **SALE TO ANOTHER PARTY.** The grantee having conveyed the land to a third party, who has assumed to discharge the mortgage, such third party is bound to reimburse the former owner for the amount he may have paid upon the mortgage.

### Appeal from Shelby District Court.

### SATURDAY, APRIL 26.

THIS cause was tried in the court below upon an agreed statement of facts. The statement is somewhat voluminous. For the sake of brevity, and as conducing to a better understanding of the questions involved, we condense the facts as follows:

1. On the 1st day of October, 1872, the plaintiff was the owner in fee of lots 3 and 4, in block 26, and lots 1, 2 and 3, in block 27, in the town of Shelby, Shelby county, Iowa. There was no incumbrance upon said premises, with the exception of a mortgage securing a debt which then amounted to one thousand two hundred and nine-two dollars and ninety-one cents, held by G. H. French, having been assigned to him by John P. Cook.

2. On said 1st day of October, 1872, the plaintiff entered into an oral agreement with the defendant Susan Smith, by

Wood v. Smith.

which he agreed to convey said premises to her, with the exception of twenty-six and one-half feet off the east end of lot 1, in said block 27, for the consideration of three thousand two hundred and fifty dollars, to be paid by her as follows: She assumed the payment of the French mortgage, amounting to one thousand two hundred and ninety-two dollars and ninety-one cents, as shown by the conveyance of plaintiff to her. She was to pay to plaintiff one thousand dollars, April 1, 1875, and the balance of said three thousand two hundred and fifty dollars on the 1st day of April, 1876. Promissory notes were given for these last amounts, and to secure the payment of the same a mortgage was made by her to plaintiff upon certain real estate in Pottawattamie county.

3.   On said 1st day of October, 1872, in consummation of said oral contract, the plaintiff executed and delivered to said Susan Smith his deed of general warranty, by the terms of which she assumed the payment of said French mortgage. This deed was filed for record on the 5th day of December, 1872, and was recorded. A copy of the deed is exhibited with the agreed statement of facts and made part thereof.

4.   On the 23d day of August, 1873, the said Susan Smith, being fearful that she would not be able to make said payments, entered into an oral contract with plaintiff, by which it was agreed to rescind the contract and conveyance made in October, 1872. She agreed to reconvey said premises, and pay to plaintiff three hundred and twenty-five dollars for the use thereof, for the time she had held possession, and to deliver the possession to plaintiff.

The plaintiff agreed to deliver up her promissory notes, cancel the mortgage given to secure the same, and assume the payment of the French mortgage.

5.   In pursuance of this last agreement said Susan Smith, on said 23d day of August, 1873, executed her deed of warranty to the plaintiff, subject to the French mortgage, which

plaintiff assumed to pay, and plaintiff took possession of said premises.

The plaintiff at the same time executed a release of the mortgage which he held to secure the notes, and having before that transferred the note of one thousand dollars, he made a note to said Susan Smith in lieu thereof. This note of plaintiff, the note of Susan Smith for the last payment, the deed last above mentioned, and the release of the mortgage, were left with Robert P. Foss until said Susan Smith should pay said sum of three hundred and twenty-five dollars for the use of the premises, which she agreed to do in three weeks; and plaintiff agreed that by that time he would procure the thousand-dollar note, which he had transferred, and exchange it for his own, which he had given in lieu thereof. In pursuance of this contract plaintiff took possession of said property by a tenant.

6. After making the conveyance of said premises to Susan Smith the plaintiff sold the twenty-six and one-half feet off the east end of lot 1, in block 27, to one Cotrell, and made to him a deed therefor, with covenants of general warranty.

On the 23d day of March, 1874, said French obtained judgment against the plaintiff herein, and a decree for the foreclosure of his mortgage. Cotrell insisted on a release of the mortgage upon the part of the premises purchased by him, and refused to make the last payment thereon, until said mortgage should be released. It was accordingly agreed between Cotrell and the plaintiff that the said last payment due from Cotrell to plaintiff should be paid to French in discharge of so much of the mortgage. This was accordingly done, and on the 31st day of March, 1874, French gave to the plaintiff a receipt for said sum amounting to five hundred and forty-six dollars and eighty-seven cents and a release of the mortgage upon that part of the premises purchased by Cotrell. This receipt and release of lien were placed on the record of the judgment and decree of foreclosure.

7. The papers deposited with Foss by the plaintiff and

Susan Smith remained in his possession until the 22d day of June, 1874. Neither party performed nor offered to perform the contract of rescission. The plaintiff, during the meantime, was in possession of the premises by his tenant, John Herod. On said last mentioned day, Susan Smith, without the knowledge or consent of plaintiff, demanded and obtained her deed of reconveyance, left with R. P. Foss as an escrow, and on the same day entered into an agreement with the defendant Lucius Benham for the conveyance of said property to him, in consideration of the sum of four hundred dollars, he agreeing to assume the payment of the French mortgage. In consideration of said agreement said Susan Smith conveyed said premises to the defendant Benham by her deed, dated June 22, 1874, which deed was recorded on the 24th day of June, 1874, and a copy thereof is exhibited with the agreed facts. Plaintiff had no knowledge of the execution of said deed until after it was filed for record. The defendant Benham obtained the possession of said premises, without the knowledge or consent of plaintiff, by showing his deed to John Herod, plaintiff's tenant, and convincing him that he (Benham), and not the plaintiff, was the rightful owner of said property.

8. Susan Smith is insolvent, and a judgment against her would be worthless. "Plaintiff has never received any other consideration for the sale of said property, or damage by reason of said rescission, or payment, or retribution, or refunding of said sum paid, than appears by this statement." "No other loss or damage to plaintiff, no other benefit inuring to defendant, no other fraud on part of defendant, is claimed than is presumed from the facts stated herein."

9. After the conveyance to Benham, and after he had obtained posession of the property, Susan Smith brought an action against the plaintiff, before a justice of the peace, to recover for the use and occupation of the premises by John Herod, plaintiff's tenant, from April 23, 1873, until Benham obtained posession. At the time this suit was brought the

plaintiff herein was a resident of Mahaska county, and he retained Robert P. Foss to appear for him and defend as his attorney. Foss appeared and the place of trial was changed to another justice of the peace, on the application of the plaintiff, Smith. Foss filed a sworn answer, denying the allegations of the petition, and setting up an indebtedness from Susan Smith to Wood of one hundred and ninety-one dollars, for interest due to him on her note for nine hundred and fifty-seven dollars and nineteen cents, given as part of the purchase money of the property, and for twenty dollars, for repairs on a hotel building situated on said premises. These cross-claims were stricken from the files on the motion of Susan Smith, because the aggregate amounts exceeded the jurisdiction of the justice of the peace. The cause was thereupon continued for trial, at the instance of the attorney of said Smith.

Before the day set for the trial, the attorney of Susan Smith called upon Foss, and stated that he was going west for a few weeks, and proposed to continue said cause until he should return. This was assented to orally by said Foss. By reason of said arrangement Foss did not appear at the time and place set for trial, but relied upon said agreement. The attorney for Susan Smith did not go west, but appeared before the justice and obtained judgment against the plaintiff herein for one hundred dollars, in the absence of plaintiff and his attorney. Neither plaintiff nor his attorney had any knowledge that said judgment had been rendered until after the time for appeal had passed. Said judgment was collected by attachment and garnishment.

Plaintiff brought this action to recover the said sum of five hundred and forty-six dollars and eighty-seven cents paid by him upon said mortgage, with interest thereon. Judgment was prayed against defendants for said sum, and it was prayed that the plaintiff be subrogated to the rights of G. H. French as mortgagee of the premises to the amount of the said sum so paid by him upon said mortgage, and that said

claim be made a lien upon said premises, and that special execution issue for the sale thereof in payment of such claim. It was agreed between the plaintiff and the defendant Benham that the cause should be submitted to the court on its merits, and such relief granted as is consistent with the law and the agreed facts.

The court below rendered a judgment against the defendant Benham for the amount claimed by plaintiff, and also entered a decree of foreclosure as prayed. Defendant Benham appeals.

*C. C. Cole*, for appellant.

*W. T. Hartley* and *Hole & Hillis*, for appellee.

ROTHROCK, J.—I. It will be observed that by the agreed statement of facts it is stipulated that Susan Smith, by the terms of the deed from Wood to herself, assumed the payment of the mortgage. A copy of the deed is exhibited with and made a part of the agreed statement of facts. Upon an examination of the deed it appears that it was a conveyance subject to the French mortgage, but there was no undertaking in the deed, upon the part of Susan Smith, that she would pay the mortgage. This apparent contradiction in the agreed facts has been the subject of some controversy between counsel for the respective parties. We think, as the deed was made part of the agreed statement, its provisions must control the rights of the parties so far as they may be affected thereby. But, in the view we take of the questions involved in the case, this difference is not material. When Susan Smith took this conveyance she contracted to pay for the premises she purchased the sum of three thousand two hundred and fifty dollars. Of this sum one thousand two hundred and thirty-one dollars and thirty-five cents, with interest from April 1, 1872, was to be paid by her to the holder of the French mortgage. The remainder of the purchase money was to be paid to the plaintiff. It is

true, the deed having been merely made subject to the mortgage, there was no such obligation as that by its terms.

French, the mortgagee, could have maintained an action against Susan Smith for the debt secured by the mortgage. But it is well settled that where a mortgage debt forms a part of the consideration of the purchase, although the purchaser has not entered into any contract or agreement, by deed or other writing, to pay it, he is bound to that extent to indemnify the grantor. The law implies a promise to that effect from the nature of the transaction. 1 Jones on Mortgages, § 751, and cases cited.

"Where one buys absolutely for a stipulated price, and instead of paying the whole of it to his grantor he is allowed to retain a part, which he agrees to pay to a creditor of a grantor having a lien upon the land, the amount which he thus agrees to pay is his own debt, which, by arrangement with his grantor, he has agreed to pay to the creditor of the latter; and although this arrangement, not being assented to by the creditor, does not discharge the grantor from liability, yet, as between him and the party who has assumed it, the grantor is a mere surety." *Gramsey v. Rogers*, 47 N. Y., 233.

If, then, the rights and obligations of the parties were such that the plaintiff was the mere surety for Susan Smith for the payment of the mortgage debt, it is a familiar and well-established principle that if the plaintiff had paid off the debt while that relation subsisted he would have had the right to be subrogated to all the rights of the mortgagee, and thus to subject the property to the payment of the mortgage; and if he had paid part of the mortgage debt he would have been entitled to subrogation for the part paid by him.

II. We will next consider how the rights of the parties were affected by the contract of rescission. It was to all intents 2. ———: re- and purposes a contract of rescission. By its scission of contract. terms the parties were to be placed in precisely the same situation they were before the original purchase was made by Susan Smith. Time was not of the essence of the con-

tract of rescission. Both parties failed to perform or offer to perform that contract. Susan Smith was the first to attempt its rescission. This she did by procuring her deed from Foss, with whom it had been deposited as an escrow When she did this, and afterward recovered of the plaintiff for the use and occupation of the premises in the action before the justice of the peace, if she had not conveyed the property to the defendant Benham the plainest principles of equity would require that she should place the plaintiff in *statu quo* by repaying to him the amount he paid on the French mortgage. As she was reinstating herself in her rights under her original purchase from the plaintiff, it would be a strange perversion of justice to hold that she could take the benefits of her purchase without also carrying its burdens. And here we may say that the proceeding before the justice of the peace was not an adjudicication of the claim of the plaintiff to be reimbursed for what he had paid on the mortgage debt, because the plaintiff did not, in the action, set up such claim, and he could not have maintained it if he had. There was no jurisdiction in that court to grant the equitable relief necessary to reimburse the plaintiff, and Benham, who then held the legal title to the property, was not a party. We think it is clear that if the title were now in Susan Smith the plaintiff would, in equity, be entitled to be subrogated to all the rights of French, the mortgagee, to the extent of the amount paid by the plaintiff.

III. It remains to be determined whether the plaintiff is entitled to any relief as against the defendant Benham. That

3. ——: sale to another party: notice. Benham assumed the payment of the mortgage by the terms of the deed from Susan Smith to him is not disputed. The deed, so far as it refers to the mortgage, is as follows:

"This deed is made subject to a certain mortgage on said premises held by George French, and assigned to him by John P. Cook, for the sum of one thousand two hundred and thirty dollars and thirty-five cents, due April 1, 1874.

"And I covenant with the said Lucius Benham that I hold said premises by good and perfect title, excepting as above set forth; that I have good right and lawful authority to sell the same; that they are free and clear from all liens and incumbrances whatever.

"And I covenant to warrant and defend the title to the said premises against the lawful claims of all persons whomsoever, except the claim of said Cook mortgage, which is assumed by the said Lucius Benham."

Counsel for appellant insists that the defendant Benham is not liable to pay the five hundred and forty-six dollars and eighty-seven cents paid by plaintiff upon the mortgage debt, because there can be no liability to pay more, under the contract to assume the mortgage, than what appeared to be due thereon by the record at the time of his purchase. The ground of counsel's argument in his own language is this: "When one assumes the payment of a mortgage debt of record he cannot, without proof of actual knowledge, be made liable for more than appears by the record to be due thereon."

An elaborate argument is presented by the learned counsel upon the law of notice, in which it is contended that the possession of the plaintiff by his tenant, at the time Benham purchased the property, was not constructive notice to Benham of the plaintiff's claim. It was also urged, as there was no assumption of the payment of the mortgage in the deed from the plaintiff to Susan Smith, there can be no liability from Benham to the plaintiff. A number of authorities are cited to sustain these propositions, which we need not refer to, in the view we take of the case. It is perhaps sufficient to say that in the cases cited by counsel, as sustaining the last above proposition, it does not appear that the first grantees from the mortgagors assumed the payment of the mortgage debts in any way, either by the terms of the deeds or otherwise. In the case at bar Susan Smith did assume the payment of the mortgage debt by retaining so much of

the purchase money for that very purpose. But we think that the defendant Benham's liability to pay the whole amount of this mortgage is fixed by the very terms of the deed. He assumed to pay the claim of the Cook mortgage. The mortgage described in the deed as being held by French, and assigned to him by John P. Cook, is in the deed said to be for the sum of one thousand two hundred and thirty dollars and thirty-five cents, due April 1, 1874.

It is said by counsel that the amount named in the deed is only descriptive of the mortgage. In this position we cannot concur. We must interpret the contract according to its terms, and in doing so it is always proper to take into consideration the circumstances surrounding the contracting parties.

Susan Smith was bound, by every consideration of equity and good conscience, to pay the five hundred and forty-six dollars and eighty-seven cents which the plaintiff had paid on the mortgage. If she had intended only to describe the mortgage, when she inserted the amount thereof in the deed, she did not describe it correctly, for it was not then for the sum of one thousand two hundred and thirty dollars and thirty-five cents. The plaintiff had paid the sum of five hundred and forty-six dollars and eighty-seven cents before that to French, but it was no payment as between the plaintiff and Susan Smith. It does not appear that there was any other mortgage upon the premises, and naming the amount was entirely superfluous, if it was only intended as descriptive.

The whole instrument, with the attending circumstances, leads to the conclusion that the amount named was part of the amount which went to make up the purchase money for the property. If the position of the appellant be correct, and plaintiff had been compelled before that to pay all of the mortgage debt, then, the amount named being merely descriptive, the mortgage would have been paid, and Benham would have assumed no liability whatever. But this position would

be manifestly unsound. We are satisfied that a fair construction of the deed requires the payment of the amount therein named. The length of this opinion precludes a further elaboration of the questions involved.

AFFIRMED.