THE NORTHWESTERN NATIONAL BANK v. HELEN E. STONE AND JAMES B. SLOAN, Appellants.

**Assuming Mortgage: PAYMENT.** As between a mortgagor and one who, as part of the purchase price of the mortgaged land, assumes the payment of the mortgage, the mortgage is paid. Hence, one who buys from a grantee who in buying, treated a mortgage on the land bought as part consideration of the purchase, cannot, upon paying the note secured by the mortgage and taking an assignment of it, compel the maker to pay it.

*Appeal from Woodbury District Court.*—HON. SCOTT M. LADD, Judge.

MONDAY, FEBRUARY 3, 1896.

ACTION for the foreclosure of a mortgage. Judgment for plaintiff, and defendants appealed.—*Reversed*.

*Swan, Lawrence & Swan* for appellants.

*Lewis & Holmes* for appellee.

GRANGER, J.—In 1887, the defendants made of the Lombard Investment Company a loan of five thousand dollars, and secured the same by a mortgage on two quarter sections of land. May 17, 1890, the defendants sold the land to Douglas Armstead, for a consideration of forty-eight thousand dollars. Of the amount, seven thousand dollars was paid in hand, a note for thirty-six thousand dollars was given to Sloan, secured by a mortgage on the land, and an agreement, by Armstead, to pay the five thousand dollar note to the Lombard Investment Company. May 19, 1890, Armstead conveyed the land to William Gordon, for Gordon and D. T. Hedges. This conveyance

was subject to both the Sloan and the Lombard Investment Company mortgages. On the fourth day of May, 1892, Gordon, by written contract, sold to D. T. Hedges his interest in the land, subject to incumbrances thereon, amounting to forty-one thousand dollars, and six months' interest and taxes. The deed, at the request of D. T. Hedges, was made to W. V. Hedges, as trustee. The Lombard Investment Company note and mortgage is now held by the plaintiff bank, and this action is to foreclose the mortgage, and a personal judgment is asked against the defendant Sloan, who alone answers; although others are made defendants. The answer presents a plea of payment, and the issue thereon presents the only question on this appeal, and that question is mainly one of fact.

The particular fact relied on as constituting the payment is that, about August 1, 1892, D. T. Hedges paid to the Lombard Investment Company, the amount of the note, and it was delivered to him. This fact is not questioned, but the dispute is as to the legal effect of the transaction, in view of the circumstances under which the money was paid. There is no claim that. in the deed from Armstead to Gordon, or the contract of sale from Gordon to Hedges, there was, in terms, an agreement to pay the note in question. It is however, claimed that, in each of the two sales, this five thousand dollars constituted a part of the consideration agreed to be paid for the land. In appellee's argument there is a concession that, "if, in such trade, the note was in fact regarded by the parties to the trade as a part of the consideration, that then the note should be considered paid." This brings us to the particular question of what construction is to be placed on the act of Hedges in paying the money to Lombard Investment Company. It is appellants' thought that it was done because it was a part of the consideration agreed

upon.   Appellee's thought is that the transaction on the part of Hedges was a purchase of the note with a view to protect the equity in the land.   It appears in evidence that, when the deed was made by Gordon to W. V. Hedges, trustee, D. T. Hedges anticipated the formation of a syndicate that would take the land and plat and sell it; that he purchased the land with that in view; and that he had agreed to protect the land from the liens thereon.   It is said that he took up the mortgage for that purpose.   No syndicate was ever formed, and the legal title to the land is in W. V. Hedges, in trust for D. T. Hedges.   It seems to us that there is no reasonable view of the evidence, to warrant a conclusion but that both Gordon and D. T. Hedges bought this land subject to the five thousand dollar note and mortgage as a part of the consideration.   It sometimes happens that land is bought subject to an incumbrance thereon, when the incumbrance is not regarded as a part of the consideration or purchase price; but, when that occurs, it is because of facts that plainly show the reasons for so doing, as, where there are other interests to be protected, in whole or in part, by such a course.   But, if A. buys land of B. with no other motive than to own the land for the uses to which it is adapted, or for sale, and B. has given his note to C., secured by mortgage thereon, and A. takes the land subject to the mortgage, the legitimate inference is, that the mortgage debt was intended as a part of what he should pay for the land, because, from the facts, no other reason could be assumed for his taking the land thus burdened.   In this case the facts are not essentially different.   Hedges is removed a step or two from being the immediate purchaser from Sloan. When he and Gordon made the purchase from Armstead, no reason appeared why they should take the land, burdened with the mortgage in question, and be compelled to pay it to protect what they purchased,

except that it was a part of what they intended to pay for the land. We do not think that there is any escape from such a conclusion. The full title passed to Hedges, with the facts the same as when it was purchased from Armstead. The fact that he purchased, anticipating a syndicate, could make no difference as to the purpose in taking the land with the incumbrance. Now, let us carry the illustration a little further as to A., B. and C. Suppose that, when the mortgage given by B. to C. falls due, it is presented to A., and he pays it; or, to bring it closer to the claimed facts of this case, suppose he takes an assignment of it as a purchaser. Can he, then, recover from B., as the maker? If not, why? There is but a single reason, and that is, that in the payment of the amount of the note, to remove the burden from the land, he has done just what he agreed to do in order to have his title clear. His agreement was to protect his title against the mortgage, and he cannot, by any method of doing that, make B. liable to him for his expenditure. If he cannot do that, can he, after the assignment, transfer the note and mortgage to D., and he recover from B.? In such a state of facts we have, practically, this case. This plaintiff took the notes when overdue, and it is not contended that it can recover if the transaction of Hedges was a payment. We do not think that it makes any difference what Hedges intended in paying the money. He admits that he did it to protect the title, which he took subject to such a burden. Now, if Sloan, who, in selling contracted that his grantees should protect their title against this incumbrance—and when they have done just the act necessary to, and intended for, that purpose, and no other—can be made liable for the expenditure in doing it, we have a strange state of the law. Mr. Jones, in his work on mortgages (volume 1, section 751), in such a case, says: "If the mortgage debt

be afterwards paid by the mortgagor, equity will compel the purchaser, by way of subrogation, to refund the money so paid, or give up the property." It is further said: "Whenever the mortgage debt forms a part of the consideration of the purchase, although the purchaser has not·entered into any covenants or agreements to pay it, he is bound, to the extent of the property, to indemnify the grantor." The same rule is stated in *Wood v. Smith*, 51 Iowa, 156 (50 N. W. Rep. 581). This rule is not questioned. In any view of this case, after the conceded facts that Hedges paid or obtained the mortgage to protect his title, he cannot, either by himself, or his assignee, compel Sloan, who by his contract, under the authorities, is indemnified against such payments, to answer back as an obligor on the note or otherwise. There is no claim of any equities to protect Hedges. The equities are all with the defendants. The petition should be dismissed.— REVERSED.