G. M. BRADLEY, Appellant, v. M. G. HUFFERD.

**Sale of land subject to mortgage:** PAYMENT OF MORTGAGE BY GRANTOR: LIABILITY OF GRANTEE. Where one purchases simply the grantor's equity in land and takes the title subject to a mortgage, which he does not assume and agree to pay as a part of the purchase price, no portion of the purchase price remains unpaid; and the grantor upon discharging his personal liability to the mortgagee has no claim therefor against the grantee, except his equitable right to subrogation and satisfaction of the mortgage out of the property.

**Same.** Where there is simply an exchange of equities in lands subject to existing mortgages, which neither party assumes, the consideration named in the deeds cannot be said to express the agreed value of the lands from which the amount of the mortgage indebtedness was deducted, so as to require a submission of the grantee's liability to the grantor for having discharged his personal obligation to the mortgagee.

**Depositions:** OBJECTIONS: WHEN TO BE MADE. Objections to unimportant deviations from the statutory method provided for taking depositions should be made before the deposition is offered in evidence, so that permissible corrections as to formal matters may be made; such as failure of the notary to recite and return the commission; and upon failure to so make such objection the deposition when offered, if material, should not be excluded.

Limitation of action: COUNTERCLAIM. A counterclaim for false representations may be pleaded as a set-off, in an action by a grantor to recover of his grantee the amount paid by him to satisfy a mortgage on land conveyed, although barred at the time pleaded, if still the property of the pleader and it was not barred when plaintiff's cause of action originated.

*Appeal from Carroll District Court.*— HON. F. M. POWERS, Judge.

TUESDAY, JUNE 9, 1908.

ACTION to recover the amount paid by plaintiff to satisfy a mortgage on land conveyed by plaintiff to defendant subject to such mortgage. There was a counterclaim for false representations as to the character of the land. From a judgment on a verdict for defendant, the plaintiff appeals. — *Reversed.*

*Chas. Thomas* and *Salinger & Korte,* for appellant.

*Geo. W. Paine* and *Lee & Robb,* for appellee.

McCLAIN, J.— In 1895 plaintiff and defendant entered into a contract for the exchange of properties as the result of negotiations through one Burnett, by which, in consideration of receiving from Burnett certain properties subject to a mortgage, the plaintiff conveyed to defendant a tract of land situated in Hitchcock county, Neb., for the consideration recited in the deed of $1,200, subject to a mortgage to secure the payment of $200, with interest. As a part of the arrangement, Burnett received from defendant an assignment of a contract for a tract of land in Taylor county, Iowa. In September, 1903, plaintiff, who was personally obligated on the mortgage subject to which the Nebraska land was conveyed to defendant, satisfied and extinguished this mortgage debt by the payment of $305.80, the

amount due thereon, which amount plaintiff in this action seeks to recover from defendant.   As a ground for such action, plaintiff alleged an oral agreement on the part of defendant to pay said mortgage debt.   Plaintiff, also, as we interpret his petition, asked to recover the amount paid from defendant on the ground that such payment was a benefit to the defendant for which plaintiff was entitled to be recompensed to the extent at least to which such payment inured to defendant's benefit.   Defendant interposed as against plaintiff a counterclaim for damages on account of fraudulent representations made by plaintiff with reference to the character of the Nebraska land at the time of the exchange in 1895.   The lower court held this counterclaim to be barred as an independent cause of action, but allowed defendant to avail himself thereof as an offset to plaintiff's claim, if any, to such extent as the jury might find defendant to have been damaged by such false representations.

I.   In the absence of some error committed by the trial court in the submission of the issue relating to a verbal agreement by the defendant to pay off the mortgage on the Nebraska land, the finding of the jury is conclusive that no cause of action against the defendant was made out, unless there was an issue on the question as to a benefit conferred on defendant by the satisfaction of the mortgage by plaintiff presented in the pleadings, and there was evidence to support plaintiff's contention under such issue.   While plaintiff's petition in this respect is ambiguous, we think there is sufficient allegation of benefit conferred by such payment to require a submission of the question to the jury if as a matter of law the circumstances as disclosed by the evidence gave rise to the application of the rule for which plaintiff contends.   While there may be some authority for the proposition that a grantor who conveys land to a grantee subject to a mortgage which the grantor is personally bound to pay and does pay has a right of action at law to recover

1. SALE OF LAND SUBJECT TO MORTGAGE: payment of mortgage by grantor: liability of grantee.

from the grantee the benefit which the grantee derives from the extinguishment of such mortgage, although the grantee has not personally obligated himself to extinguish such mortgage, we believe that question is not here involved. Such an obligation on the part of the grantee arises, if at all, only when the amount of the mortgage debt has been deducted from the purchase price, so that, when the mortgage is extinguished by the grantor, the grantee has not fully paid the purchase price agreed upon. But, when the grantee has purchased only the equity in the property, no portion of the purchase price remains unpaid, and the grantor, on satisfying the mortgage and discharging his personal liability to the mortgagee, has no claim against his grantee except to enforce in equity under his right of subrogation the satisfaction of the mortgage out of the property conveyed subject thereto. *Ray v. Lobell,* .213 Ill. 389 (72 N. E. 1076) ; 1 Jones, Mortgages, section 738. What has been said in various cases in this court with reference to the liability of the grantee where the amount of the incumbrance has been deducted from the purchase price has been said only with reference to the right of the grantee to defend in a proceeding where it is attempted to subject the land to the payment of the incumbrance. See *Foy v. Armstrong,* 113 Iowa, 629, and cases therein cited.

In the case before us there was nothing but an exchange of equities effected through Burnett; the consideration which defendant gave being the transfer to Burnett of a contract for the Taylor county land, and the

2. SAME.

consideration which plaintiff received being the transfer to him from Burnett of certain other property which was also subject to mortgage, without the assumption of any liability on the part of plaintiff to satisfy such mortgage. It cannot be said that the consideration of $1,200 named in the deed from plaintiff to defendant was the actual agreed value of the Nebraska land from which the amount of the mortgage thereon was deducted, for the whole trans-

·action involved merely an exchange of equities, and neither party was bound by the value of the properties as stated in their respective conveyances. *Fagan v. Hook,* 134 Iowa, 381. Under the circumstances of this case there was no occasion, therefore, to submit to the jury any question as to defendant's liability to plaintiff for a benefit conferred upon him by the satisfaction of the mortgage on his land. He still held the land subject to the right of plaintiff to enforce against it, under subrogation, the existing mortgage, and that was the only liability which he assumed by taking the land subject to such mortgage without an agreement to pay the indebtedness thereby secured.

II. Error is predicated, however, on the rejection of a deposition of one Burnett tending to show that defendant was to pay the mortgage. As this deposition had some bearing on the issue as to defendant's verbal agreement, which issue was decided against the plaintiff by the jury, this rejection, if erroneous, was prejudicial. Briefly, it appears that a commission to take the deposition of Burnett on interrogatories was issued by the clerk, and that subsequently and more than three days prior to noon of the second day of the term what purported to be a deposition of said Burnett was filed in the clerk's office, and notice duly given to the attorneys of such filing. This so-called deposition as offered in evidence showed that it purported to be a deposition of Burnett in the case pending taken before C. S. Cole, notary public at Kitter, in Caldwell county, Missouri. The objection made to it when it was offered was that it did not purport to be a deposition taken either pursuant to a commission issued to said notary or under an agreement that it should be taken. Evidently the deposition would have been sufficient if it had recited that it was taken in pursuance of a commission duly issued and such commission had been returned with it. The failure to so recite and to return the commission was a technical objection which could, no doubt, have been cured

3. DEPOSITIONS: objections: when to be made.

had the objection been made by motion three days before noon of the second day of the term, as contemplated by Code, section 4712. Unimportant deviations from the statutory direction as to the methods of taking depositions are not to cause the deposition to be excluded where no substantial prejudice could be wrought to the opposite party, and where corrections and amendments as to formal matters might be secured. See Code, section 4708. We think there was error in sustaining the objection to the deposition when offered, in the absence of any filing of exceptions or of motion to suppress before the trial.

III. The trial court held that the counterclaim for false representations originated in 1895, and was barred as an original cause of action when interposed by pleading in this case, but that it might be used as a set-off to plaintiff's claim under Code, section 3457, in which it is provided that a counterclaim may be pleaded as a defense, notwithstanding that it is barred, if it was the property of the party pleading it at the time it became barred and was not barred at the time the claim sued on originated. If defendant verbally agreed to pay the mortgage on the property conveyed to him by plaintiff, then the plaintiff's right of action against defendant for failure to pay such mortgage arose at once — that is, in 1895 — and the counterclaim was available as a defense to it, although not interposed until after the bar of the statute of limitations had run. The court did not err, therefore, in allowing defendant to interpose as a defense to plaintiff's cause of action his claim for damages for false representations.

4. LIMITATION OF ACTIONS: counterclaim.

On account of the error of the trial court in sustaining the objection to Burnett's deposition, the judgment is *reversed.*