T. M. Thomsen et al., Appellees, v. Levi G. Kopp, Appellant.

**MORTGAGES:** Transfer of Property—Assumption of Mortgage—Recovery by Mortgagor-surety. As between a mortgagor and a subsequent purchaser who assumes and agrees to pay the mortgage, the purchaser becomes the primary debtor, and the prior mortgagor the secondary debtor; but in case foreclosure and sale reveal a deficiency judgment, the mortgagor may not recover the amount thereof from the assuming purchaser until he (the mortgagor) *has paid such deficiency.*

Headnote 1:   41 C. J. p. 737; 32 Cyc. p. 245.

*Appeal from Audubon District Court.*—Earl Peters, Judge.

DECEMBER 13, 1927.

An action to recover a money judgment against the defendant, under the facts stated in the opinion. From a judgment in favor of the plaintiffs defendant appeals.—*Reversed.*

*J. A. Graham* and *Charles S. White,* for appellant.

*L. Dee Mallonee,* for appellees.

Albert, J.—I. This case was tried to the lower court without a jury, on an agreed statement of facts, the material part of which so far as the questions involved herein are concerned, is as follows:

In March, 1917, plaintiff T. M. Thomsen and his wife, Kristine Thomsen, were the owners of certain real estate in the city of Audubon, Iowa. On the 12th day of that month, they executed to one C. P. Christensen a mortgage on said property, in the sum of $1,000, subject to a first mortgage then existing on said property of $2,500. Later, Thomsen sold and conveyed this property to Levi G. Kopp and A. G. Wolff, the grantees assuming and agreeing to pay the aforesaid mortgage. Shortly thereafter, Kopp conveyed this property to one Marquesen, who also assumed and agreed to pay this $1,000 mortgage. In October, 1922, Christensen brought an action to foreclose this mortgage. In this proceeding he made the Thomsens, Kopp,

and Marquesen all defendants. In the decree, Christensen took judgment against the Thomsens alone for $881.28, with interest and costs, including attorney's fees. No judgment was taken against Marquesen or Kopp. After the sale under the foreclosure, Thomsen instituted this case against Kopp, seeking to recover against him on the deficiency judgment. It was stipulated in the record that the Thomsens have never paid the deficiency on the judgment held by Christensen against them. The court rendered judgment in favor of the plaintiffs herein, and the defendant, Kopp, appeals.

The first question to be determined is, What is the exact legal status of the Thomsens and Kopp in relation to this mortgage *inter se?* The rule is quite thoroughly established in this state that, where a party purchases mortgaged premises, without the knowledge of the mortgagee, and agrees to pay the debt, such person becomes the principal debtor, and the mortgagor is merely a surety. See *Moses v. Clerk of Dallas District Court*, 12 Iowa 139; *Wood v. Smith*, 51 Iowa 156; *Boice v. Coffeen*, 158 Iowa 705; *Robertson v. Stuhlmiller*, 93 Iowa 326; *Bennett Sav. Bank v. Smith*, 171 Iowa 405. We conclude, therefore, under this rule that, as between themselves, Kopp was a primary debtor, and the Thomsens were merely sureties.

The doctrine of exoneration is not involved in this action.

II. It is urged by Kopp that the plaintiffs cannot recover in this action because they have not paid the judgment out of which it grew. In other words, can a surety recover from a principal until the surety has paid the obligation? This question must be answered in the negative. We had this question before us in the case of *Dennison v. Soper*, 33 Iowa 183. We there stated the rule to be:

"A surety has no right of action against his principal, in respect to the debt for which he is surety, until he has paid such debt for his principal. *Walker v. Lathrop*, 6 Iowa 516."

That this is the general rule in other states, see 21 Ruling Case Law 1100, Section 136; 27 Am. & Eng. Encyc. of Law (2d Ed.) 470.

It is obvious under this rule that the plaintiffs have not proven their cause of action, as they have not paid the judgment. The ruling of the court to the contrary is, therefore, erroneous. The effect of this opinion, however, is simply to

work an abatement of the action, and is not a bar against the plaintiffs' paying the judgment and then recovering from the defendant, nor a bar to the exercise of any other rights that plaintiffs may have in a future proceeding.—*Reversed.*

EVANS, C. J., and DE GRAFF, MORLING, and WAGNER, JJ., concur.