HOME LOAN & INVESTMENT COMPANY, Appellee, v. JOHN R. BURROWS, JR., et al., Appellants.

MARCH 12, 1929.

*Emmert, James & Needham,* for appellants.

*Dunshee & Brody,* for appellee.

MORLING, J.—Cameron, on May 1, 1924, sold Burrows, on contract, a residence property for $7,500, of which $1,500 was paid. When the parties, some months later, came to make settle-

ment on the contract, it was found that there were liens upon the property, aggregating $6,344.71. This was $165.80 more than the balance of principal and interest on the contract price. Burrows, however, accepted deed, dated December 12, 1924, reciting a consideration of $1.00, and stating that it was made in fulfillment of the contract, and subject to liens in favor of concerns named. Among them was "judgment in favor of W. H. Tolbert." Cameron gave to Burrows his unsecured note for the excess, $165.80. This note is shown to now belong to the defendant Des Moines Asphalt Company, and was offered in evidence by it. Burrows did not, by the terms of the deed, agree to pay the liens; but it is unquestioned that the amounts of them, including the amount of the Tolbert judgment, were deducted from the purchase price, and that, as between Cameron and Burrows, it was Burrows's duty to pay the Tolbert judgment. The Tolbert judgment was a lien also upon other property belonging to Cameron. Such other property was levied on, and, on March 17, 1925, sold by the sheriff, to satisfy the judgment. Return of the execution into the clerk's office, showing satisfaction, was not made until July 6, 1925. Cameron's claim against Burrows for the amount of the Tolbert judgment thus satisfied by Cameron was assigned to plaintiff, and it is to enforce the claim and a lien therefor amounting to $740.26 against the property sold to Burrows that this suit was brought, the petition wherein was filed August 13, 1925.

The suit was originally brought against Burrows and wife, who were then owners of record of the property, and in form was to establish a vendor's lien. By amendment later filed, the Des Moines Asphalt Company was made a defendant, and by a still later amendment, the prayer was amended that plaintiff be subrogated to the lien of the Tolbert judgment.

The Des Moines Asphalt Company was the employer of Burrows. In order to save the property for Burrows, who was insolvent, the Des Moines Asphalt Company, in February, 1925, and subsequently, made payments on the liens, and charged to Burrows the amounts so paid. The company also collected rents, and gave Burrows credit for them in the same account. Up to April 14, 1925, the company had paid on the liens sums exceeding the rents by upwards of $800. The secretary's testimony is:

"We were getting in so deep that we thought it was time that we had some claim on the property * * * and said we wanted a deed, and John said, 'All right.' "

Burrows and wife, on April 14, 1925, made a deed to the company; subject to mortgage of $4,000 only. This deed, however, was not recorded until June 30, 1926. Meantime, the company made other payments on the liens, and continued to collect the rents. On June 30, 1926, the company "took its loss," charging off the balance of the Burrows account, $1,726.97. The record does not show when the company acquired knowledge of the Tolbert judgment or of the claim made under it, nor is it clear how much the company has paid or is responsible for. There is no allegation, nor is there proof, that the company is a purchaser for a valuable consideration without notice of the Tolbert judgment or of Burrows's duty to pay it or of Cameron's payment of and claim under it; nor is there any plea or proof of equal or superior equities or estoppel. At the conclusion of the evidence, defendant amended by alleging that Cameron was indebted to Burrows on the $165.80 note introduced in evidence. No attack upon this amendment was made.

As between Cameron and Burrows, Cameron, on payment of the Tolbert judgment, was entitled to be subrogated to the lien thereof against the property sold to Burrows. *Wood v. Smith*, 51 Iowa 156; *Bradley v. Hufferd*, 138 Iowa 611; *Barr v. Patrick*, 52 Iowa 704.

The Des Moines Asphalt Company, on this record, stands in the shoes of Burrows. Hence plaintiff, as assignee of Cameron, is entitled to subrogation, as against Burrows and the Asphalt Company. Cameron, however, was indebted to Burrows to the amount of his note, $165.80, and interest. This note was a part of the same transaction as that out of which grows Cameron's right against Burrows and the property to subrogation, and there is testimony to the effect that Cameron agreed to do some further work on the house in payment of the note. Plaintiff does not plead, nor has it proved, that the note has been paid. The contrary is to be inferred from the record. The plaintiff stands in the shoes of Cameron. As between Cameron and Burrows, Burrows would be entitled to offset the amount of the note and interest. The principal contention of the Asphalt Company is that the plaintiff's claim is for the enforcement of vendor's

lien, of which it had no constructive notice, and that the suit is not for subrogation. The principal claim of plaintiff on its appeal is that the company did not plead or prove offset. Both parties are in error in these respective contentions. The Asphalt Company argues that it has equal or superior equities. That it has, is neither pleaded nor proved.—*Affirmed.*

ALBERT, C. J., and STEVENS, DE GRAFF, and WAGNER, JJ., concur.