Dedman *v.* Barber.

note 3; 5 Term R. 648–9; Cowper 478; 1 Chit. Plead. 362, 168, 170, 182, 187; Peake's Ev. 397; Tidd's Pract. 6, 7, 71, 73; 3 East. 598; Breese 144; 3 Stark. Ev. 1447–8.

·John Dedman, appellant *v.* Rouanta Barber, appellee.

*Appeal from Hancock.*

The obvious intention of all the legislation with respect to proceedings before justices of the peace, is to simplify the proceedings, and dispense with all form and technicality consistent with a fair trial of causes upon their merits.

On an appeal from a justice of the peace to the Circuit Court, if the appeal bond filed be wholly insufficient, the Circuit Court should allow a new bond to be filed. It is error to refuse an application to file such new bond.

The appellee recovered a judgment against the appellant before a justice of the peace of Hancock county for $50 and costs of suit, from which an appeal was taken to the Circuit Court. At the April term, 1836, of the Court below, the Hon. Richard M. Young presiding, a motion was made to dismiss the appeal for want of a bond.

The bond executed by the appellant in the Court below, recited that a judgment had been rendered against the appellant "in the Circuit Court of Hancock county," from which an appeal had been taken "to the Supreme Court." No mention

was made in the bond, of the judgment of the justice of the peace, or of an appeal to the Circuit Court.

The appellant filed a cross motion for leave to file a new bond. The Court overruled this motion, and dismissed the appeal, and awarded a *procedendo* to the justice. To this decision of the Circuit Court, the appellant excepted, and tendered his bill of exceptions, which was signed and sealed by the judge. From the decision of the Circuit Court, an appeal was taken to this Court.

J. W. Whitney, L. Davis, and F. Forman, for the appellant, cited R. L. 395, § 31.

S. T. Sawyer, for the appellee.

Wilson, Chief Justice, delivered the opinion of the Court:

This was an appeal taken by Dedman from the judgment of a justice of the peace to the Circuit Court, and upon trial in that Court, dismissed, on account of the informality and insufficiency of the appeal bond. It is not questioned but the bond is informal and insufficient. It is in the form adapted to the case of an appeal from the Circuit to the Supreme Court. But it is equally clear that the Court erred in overruling the motion of the appellant to permit him to file a good bond in pursuance of the 31st section(1) of the "*Act concerning Justices of the Peace and Constables.*" That act, after prescribing the mode of taking appeals from judgments of justices of the peace, goes on and declares that "If upon trial of any appeal, the bond required to be given by this section shall be judged informal, or otherwise insufficient, the party who executed such bond, shall in no wise be prejudiced by reason of such informality or insufficiency: *Provided*, he will in a reasonable time file in Court a good and sufficient bond." The present case, according to my understanding of the object and language of the act, is precisely such a one as was intended to be provided for. The appellant had complied with all the requisitions of the act, up to the execution of the appeal bond, and with respect to that, he attempted a compliance; and by executing what was intended to be a good bond, with such security as was approved of by the clerk, he did all that was required of him until the bond was pronounced insufficient by the Court; and even then, the law declares that such insufficiency shall in no wise operate to his prejudice, provided he will execute a good one. This the appellant proposed doing, but the Court refused to permit it, and dismissed the appeal. The obvious intention of all the legislation with respect to proceedings before justices of the peace, is to simplify the proceedings, and dispense with all form and technicality consistent with a fair

(1) R. L. 395; Gale's Stat. 409.

trial of causes upon their merits.   This wise intention would be defeated by giving to the act any other construction than the one we have adopted.

The judgment of the Circuit Court is reversed, and the cause remanded, with directions to that Court to permit the appellant to file an appeal bond, and to hear and determine the cause conformably to this opinion.

*Judgment reversed.*