## OFFICER v. HOWE *et al.*

Evidence: PAROL TO VARY WRITTEN CONTRACTS. Parol evidence is admissible in an action upon a note for the purpose of showing fraud, accident or mistake, even though the effect of such evidence is to contradict or vary the terms of the instrument itself.

*Appeal from Monroe District Court.*

THURSDAY, JULY 27.

ORDINARY action upon two promissory notes for $100 each, made by defendants (Howe as principal and Chase as surety) to one Bishop, and by him indorsed to plaintiff, who is cashier of a bank. The answer avers that the notes were given on settlement of partnership accounts, whereon Howe owed Bishop $500, and intended to give notes for that amount, but, through mistake, gave in excess the two notes sued on; that they were given without consideration; and that Bishop was still the owner of the notes and the real party in interest. Trial to the court; judgment for defendants; the plaintiff appeals.

. *Anderson & Stuart Bros.* for the appellant.

*Perry & Townsend* for the appellee.

COLE, J.—I. The plaintiff introduced in evidence the two notes sued upon, and rested. The defendants then offered testimony tending to show a mistake, in this, to wit: that, by the terms of the settlement of the partnership accounts between Bishop and Howe, the amount due Bishop was but $500, for which sum he gave his note, since paid, and also gave the notes sued on; and that the same

were given under a claim by Bishop that $700 was the amount due him by the terms of settlement. To this evidence the plaintiff objected as irrelevant, incompetent, not tending to show a mistake, and contradicting written instruments. The objections were overruled, the evidence admitted, and the plaintiff excepted. This is assigned as error. The rule is too well settled to admit of doubt, or to require the citation of authorities, that, where fraud, accident or mistake is alleged respecting a written instrument, that parol evidence is competent to show such fraud, accident or mistake, although it may contradict, alter, or vary the terms of the instrument itself. If this were not so, a written instrument might effectuate the grossest injustice in the face of the clearest proof of its invalidity. Whether the evidence tended to show a mistake we will now inquire.

II. The testimony is without conflict as to the terms of the settlement. It is also plain, by a computation upon the basis of the terms, that Howe only owed Bishop $500. The testimony also shows that these notes were given in addition to that sum, and that at the time the defendant Howe insisted that they ought not be given, as Bishop was not entitled to more than the $500. Bishop insisted that the $700 was due him, by the terms of settlement, and said to Howe, "if you will sign these notes and there is any mistake I will rectify it." Thereupon Howe signed the notes. Bishop was mistaken as to the amount due, and pursuant to that mistake, the notes were given; his promise to rectify ought alone to bind him. Or, if it should be more satisfactory to the plaintiff, the proposition may with propriety and verity be stated, that the notes were without consideration. The proof shows that Bishop still is the real owner of the notes. The plaintiff therefore ought not to recover.

Affirmed.