## VAN DUSEN v. PARLEY.

1. **Contract**: CONSIDERATION: PROMISSORY NOTE. A parol agreement between the maker and payee of a note, made after maturity, extending the time of payment upon condition that the interest to maturity should be paid, was without consideration and invalid.

2. **Evidence**: WHEN PAROL MAY VARY WRITTEN INSTRUMENT. The rule excluding parol evidence which tends to vary the terms of a written instrument, does not apply to the case where, by reason of fraud, accident or mistake, the instrument does not embody the contract of the parties.

3. **Practice**: MISTAKE IN WRITTEN INSTRUMENT. The fact of a mistake in a written instrument may be set up, proved and made available as a defense, without first having a formal reformation of the instrument and its enforcement as reformed.

*Appeal from Story District Court.*

Tuesday, October 27.

ACTION on a note for $200 due August 11, 1873, with ten per cent. for one year, and to foreclose a mortgage given to secure it. The mortgage was in the usual form, and concluded with this additional provision: "And in case default is made in the payment of said note, or any part thereof, principal or interest, the mortgagee may proceed by foreclosure to make the amount of said note, together with a reasonable attorney's fee for plaintiff's attorney, out of said real estate, etc."

For answer, the defendant admits the execution of the note and mortgage, and that the latter provides for an attorney's fee. For second count, he avers that on August 22, 1873, he made an oral agreement with plaintiff that, in consideration of the payment of interest by him up to August 11, 1873, the plaintiff would extend the time of payment for two years from said last date, and in pursuance thereof defendant paid said interest, whereby the time of payment was extended two years, and the note is not now due. For a third count, defendant averred that the provision in the mortgage for attorney's fee was not the contract between the parties; that the mortgage was written on a printed blank containing that provision, and it was allowed to remain in the mortgage by accident and mistake. To this answer the plaintiff demurred, because the second count shows there was no consideration for the contract alleged in it; and the third count seeks to contradict the terms of a written instrument by parol. The court sustained the demurrer. The defendant appeals.

*J. S. Frazier*, for appellant.

*J. R. Gage*, for appellee.

COLE, J.—I. As to the second count, it is clear that the contract alleged in it was without consideration, because the defendant, at the time he made the alleged contract, which was after the maturity of the note, owed the full amount of interest he paid, and hence the consideration for the amount paid was fully exhausted by the interest due, and left nothing to feed the promise for the extension of time on the note. *Tomlinson v. Smith et al.*, 2 Iowa, 39; *Pomeroy & Co. v. Parmlee*, 9 Iowa, 140; *The State ex rel., etc., v. The City of Davenport*, 12 Iowa, 336, and other Iowa cases.

*1. CONTRACT: consideration: promissory note.*

II. As to the third count, it is equally clear that the rule excluding parol evidence which tends to vary the terms of a written instrument, has no application where the written instrument, by reason of accident or mistake, does not contain the contract of the parties. And under our system of pleading, which allows equitable defenses to be pleaded in law actions, the fact of such accident or mistake may be set up, proved, and made available as a defense, without in the first place having a formal reformation of the instrument, and then its enforcement as reformed. The whole remedy is administered at once, and in one judgment. It was error, therefore, to sustain the demurrer to this count.

*2. EVIDENCE: when parol may vary written instrument.*

*3. PRACTICE: mistake in written instrument.*

REVERSED.