EPHRAIM F. BELCHER vs. W. A. H. LOVELAND.

Norfolk. Jan. 26.— Feb. 29, 1876. ENDICOTT & DEVENS, JJ., absent.

The plaintiff bought certain stock of the defendant at a price named. The plaintiff and defendant entered into an agreement in writing, by which, in consideration of the purchase, the defendant agreed to pay to the plaintiff, at the expiration of three years from the date of the agreement, all loss he might sustain in consequence of the purchase, including ten per cent. interest on the price paid, and the plaintiff agreed to pay to a third person one fourth of all profits he might receive from dividend or sale of the stock, deducting ten per cent. interest on the cost of the stock. *Held*, that there could be no breach of the agreement until the expiration of the three years ; that the defendant was liable to the plaintiff at the end of the three years for loss sustained by him in consequence of depreciation in the value of the stock up to that time ; and that the plaintiff was not required to sell the stock to determine its value, which could be proved by other modes.

CONTRACT upon the following agreement under seal, signed by the plaintiff and the defendant and W. B. Wentworth, and dated March 20, 1868 :

" Know all men by these presents, that Ephraim F. Belcher, of Randolph, has this day purchased from W. A. H. Loveland, of Golden City, C. T., forty shares of the stock of the Golden City Mineral and Land Co., upon the following terms and conditions, to wit : The said E. F. Belcher has paid the said Loveland ten hundred and forty dollars, at the rate of 26 dollars per share for said forty shares. Now, in consideration of the said E. F. Belcher having made such a purchase, the said Loveland and W. B. Wentworth, of Randolph, do hereby agree that they will sever ally or jointly pay to E. F. Belcher, at the expiration of three years from date, all loss he may sustain in consequence of purchase of said stock, including 10 per cent. per annum interest on 1040 dollars paid by him for said stock ; and further, the said E. F. Belcher, in consideration of the premises, agrees to pay to W. B. Wentworth one fourth of all profits he may receive from dividend or sale of said stock, after deducting 10 per cent. per annum interest on cost (26 dollars per share) of said stock."

At the trial in this court, before *Ames*, J., the plaintiff offered evidence, which was not controverted, tending to show that the forty shares of stock in the Golden City Mineral and Land Company, purchased by him of said Loveland, under said agreement, had never paid any dividend, and had within and during the

three years therein mentioned very greatly depreciated in value, and much below the price paid by him therefor; and that the said stock, after the expiration of the three years, became and was and is now wholly worthless, and that he thereby lost the whole sum by him paid therefor; and he thereupon claimed to recover the whole amount paid by him for the stock, and interest thereon, as provided in said agreement; and that if he was not so entitled, yet he was in any event entitled to recover the whole depreciation of the value of said stock during or at the expiration of said three years, and interest thereon. The defendant, Loveland, when said agreement was made, and ever since, had resided in Golden City, Colorado Territory. At the first time, when he came to this Commonwealth, but after said three years, and the day before the writ in this action was served, the plaintiff demanded of him payment of his loss under said agreement, and offered to return to him the stock. The writ was dated February 24, 1874. The plaintiff did not sell, but still holds the shares of stock, although the same are now of no value.

The defendant contended, upon the foregoing evidence, that the plaintiff could not recover anything, because he had not sold the said shares during or at the expiration of the three years mentioned in said agreement, and requested the judge so to rule.

The case was reported for the consideration of the whole court upon the foregoing facts. If the plaintiff was entitled to recover for the whole or any part of the depreciation of said stock, or anything, in the case, judgment was to be rendered in his favor, and the case sent to an assessor to determine the damages; otherwise, judgment to be rendered for the defendant.

*C. T. Russell*, for the plaintiff.

*H. C. Hutchins*, for the defendant.

AMES, J. By the terms of the agreement, the defendant undertook to indemnify the plaintiff, at the end of three years, against any loss which he might sustain in consequence of his purchase of the stock. There could be no breach of the agreement on the defendant's part until the expiration of the three years; and nothing then became payable from him, except the loss up to that time. His guaranty did not extend to any later period. A sale of the stock at the end of the three years, supposing it to be fairly conducted, might have furnished a conven-

ient measure of its value at that time, but there is nothing in the contract requiring such a sale, and the value of the stock is susceptible of proof in other modes. If, since the expiration of the agreed time, the stock has risen in value, the defendant may perhaps be entitled to the benefit of such rise. Good faith would require of the plaintiff, so long as the stock remained in his hands, to get the best price he could for it, and so reduce the ultimate loss to the lowest amount practicable. But if there has been no such rise, and it appearing from the report that the stock is now worthless, the measure of the plaintiff's damages would be the difference between the price paid, with interest for three years at ten per cent. per year, and the. market value of the stock in March, 1871, with interest on such difference.

*Judgment for the plaintiff; damages to be assessed.*