CARLOS WILSON *vs.* THOMAS W. BICKNELL.

Suffolk.    November 11, 12, 1897. — January 26, 1898.

Present: ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Guaranty — Premature bringing of Action.*

An action by A. against B. was brought on September 4, 1895, on the following instrument signed by B.: "Boston, Jan. 3, 1891.    I hereby agree by and with A. of Boston, to reimburse him for any loss of the hundred shares of the International Port Electric Stock purchased by him of me this day, Jan. 3, 1891, at or before the expiration of five years from this date, at six per cent interest." *Held,* that the action was prematurely brought.

CONTRACT upon the following instrument:

"Boston, Jan. 3, 1891.    I hereby agree by and with Carlos Wilson, of Boston, to reimburse him for any loss of the hundred shares of the International Port Electric Stock purchased by him of me this day, Jan. 3, 1891, at or before the expiration of five years from this date, at six per cent interest.    Witness: Edward H. Pierce, Thomas W. Bicknell (seal)."

Writ dated September 4, 1895.    The declaration alleged that the shares were a total loss to the plaintiff, and were worth nothing, and he sought to recover the total amount of the purchase price, namely, $1,000 with interest.    The defendant contended, among other things, that at the date of the plaintiff's writ no cause of action had accrued on the instrument.    Trial in the Superior Court, without a jury, before *Fessenden,* J., who found for the plaintiff; and the defendant alleged exceptions.

*W. S. Pinkham,* for the defendant.

*C. Walcott,* (*F. T. Hammond* with him,) for the plaintiff.

LATHROP, J.    A promise to pay a person "at or before" a day named is a promise to pay on the day named, the promisor having the option to pay before that time.    *Mattison* v. *Marks,* 31 Mich. 421.    See also *Hubbard* v. *Mosely,* 11 Gray, 170; *Reed* v. *Kilburn Co-operative Society,* L. R. 10 Q. B. 264.    As this action was brought before the expiration of the five years named in the agreement declared on, it was prematurely brought if the words "at or before" relate to the word "reimburse."    This

proposition is not disputed by the plaintiff. He however contends that the language used is to be construed as a promise to reimburse him for any loss of the shares of stock suffered at or before the expiration of five years. This construction does not seem to us, however, to be the natural and reasonable meaning of the agreement. It fixes no time when the reimbursement is to be made. If it be said that the law will imply a reasonable time after any loss has occurred, then the defendant might be liable to a hundred actions, for the plaintiff might sell the stock a share at a time.

If the defendant had promised to reimburse the plaintiff " at or before the expiration of five years, for any loss," etc., there could be no question of the meaning. *Belcher* v. *Loveland*, 119 Mass. 539. We are of opinion that the agreement should be construed as if it were so written. There is merely an inversion of the clauses of a sentence, which does not in any way affect the sense. We have no doubt that the words " at or before the expiration of five years" relate to the promise to reimburse.                              *Exceptions sustained.*