PAGAL, Respondent, vs. NICKEL, Appellant.

*September 7 — October 12, 1900.*

*Bills and notes: Conditions: Leases: Contemporaneous agreements: "On or before" in promissory note.*

1. A lessor gave his lessee a promissory note for $100, payable "on or before four years after date," and reciting that it was executed as security for the payment of $100 to be paid by the conditions of a five years' lease contemporaneously executed, and was to become due provided the lessor sold the demised premises, otherwise to be void and of no value. The lease reserved to the lessor the right to sell, and in such case the lessor was to notify the lessee during the months of February and March of such sale, pay him the $100, and allow him to remain in possession until the January following. The lessor sold the farm, the deed being made subject to such lease, the lessor conveying to her grantee her share of the crops. The lessee's possession was in no way disturbed or interfered with by reason of the deed. *Held,* that construing the note and lease together the manifest purpose was merely to compensate the lessee for loss of the possession of the premises and the benefits of the lease. The lessee was therefore not entitled to judgment on the note while he retained such possession and benefits.

2. A note payable "on or before" a certain date, while it gives the maker the privilege of paying at any time before that date, does not give the holder the right to enforce collection before that time.

APPEAL from a judgment of the circuit court for Waupaca county: CHAS. M. WEBB, Circuit Judge. *Reversed.*

For the appellant there was a brief by *E. L. & E. E. Browne,* and oral argument by *E. E. Browne.*

For the respondent there was a brief by *McFarland & Hanna,* and oral argument by *C. D. McFarland.*

CASSODAY, C. J. This action was commenced in justice's court October 3, 1899, to recover the amount alleged to be due on the promissory note executed by the defendants, and in the words and figures following, to wit:

"$100.        Waupaca, Wisconsin, November 30th, 1898.

"On or before four years after date, for value received, we promise to pay to the order of *Richard Pagal,* at Waupaca

County National Bank, Waupaca, Wisconsin, one hundred
dollars, with interest at the rate of no per cent. per annum.
This note is given as security for the payment of one hun-
dred dollars, provided to be paid by the conditions of a cer-
tain lease given *Richard Pagal* by Ida Dixon, and is to be-
come due provided Ida Dixon sells the Terrio farm described
in said lease; otherwise to be void and of no value.

" IDA DIXON.

" DANIEL NICKEL."

The defendant, *Nickel*, answered by way of a general de-
nial. The cause having been taken to the circuit court by
appeal and there retried, that court at the close of the evi-
dence directed a verdict in favor of the plaintiff for $100.
From the judgment entered thereon accordingly for that
amount, with costs, the defendant *Daniel Nickel* appeals.

It appears from the record that the lease from Ida Dixon
to the plaintiff, mentioned in the note, was dated and exe-
cuted on the same day as the note, and was "for the term
of five years, commencing" on that day, and contained a
clause expressly reserving to Ida Dixon the right to sell the
premises, and in such case to notify the plaintiff during the
months of March and February each year of such sale, and
in such case to pay the plaintiff $100, and allow him to re-
main in possession of such farm until the January follow-
ing such notice, and the plaintiff was to have the privilege
of terminating the lease by giving the same notice and pay-
ing Ida Dixon $50,— each party to secure the other for such
payment; that September 19, 1899, Ida Dixon conveyed
the farm to Carl Pagal by deed reciting a consideration of
$3,100; that such deed was therein made subject to the
lease after January 1, 1900; otherwise, the deed stated that
the land was free and clear of all incumbrance.

Pursuant to the terms of the lease, the plaintiff worked
the farm on shares. By the express language of the deed
mentioned, Ida Dixon transferred her share of the crops

for the season of 1899 to her grantee, Carl Pagal, who took the farm subject to the lease after January 1, 1900. Thereupon Carl Pagal became the landlord, and the plaintiff his tenant, under and by virtue of the lease. The lease was not terminated, and the plaintiff's possession and rights as such tenant were in no way disturbed or interfered with by reason of such deed. To determine the contract between Ida Dixon and the plaintiff, we must read the note and lease together, as constituting one paper in law. *Herbst v. Lowe,* 65 Wis. 316, 320. In and by the lease Ida Dixon reserved the right to sell the premises; that is to say, to convey the premises and the possession thereof, free and discharged from the lease, after the January following such conveyance. Unless she so sold and conveyed, the note, by its terms, was never to become due, but was " to be void and of no value." The $100 stipulated to be paid to the plaintiff by the lease and the note was for the manifest purpose of compensating him for the loss of the possession of the premises and the benefits of the lease in case of such sale and conveyance. Under such an agreement it would be anomalous to hold that the plaintiff was entitled to the $100 mentioned, and also to retain the possession of the premises and the full benefits of the lease for the full term of five years therein stipulated. And yet such is the result of the ruling of the trial court.

But, even with such a construction, still the demurrer *ore tenus* should have been sustained. The action was commenced within a year after the date of the note, whereas the note, by its terms, was not due until " on or before four years after date," with a proviso to the effect that it should only then " become due " in case of such sale of the farm. The words " on or before " undoubtedly gave to the makers of the note the privilege of paying at any time before the end of the four years, but they did not give the holder of the note the right to enforce collection before that time.

Thus, in the language of Cooley, J., the note "is payable certainly and at all events on a day particularly named, and at that time, and not before, payment might be enforced against the maker. . . . True, the maker may pay sooner if he shall choose; but this option, if exercised, would be a payment in advance of the legal liability to pay, and nothing more." *Mattison v. Marks*, 31 Mich. 423. See, also,. *Jordan v. Tate*, 19 Ohio St. 586; *Wilson v. Bicknell*, 170 Mass. 259, and cases there cited.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.