W. H. BOHANAN, Appellee, v. MARY BOHANAN, Appellant.

**Marriage and divorce:** DESERTION: EVIDENCE. In this action for divorce the alleged offer of defendant to resume marital relations with plaintiff, consisting of letters written by defendant's attorney, are held insufficient to obviate the charge of desertion.

**Same:** COMMENCEMENT OF ACTION: PREMATURE ACTION: EVIDENCE. The filing of a petition is not necessarily the commencement of an action; and where, as in this case, the only evidence of the time at which the action was commenced was the date of filing the petition and appearance of defendant thereto and the filing of an answer, at which time plaintiff's cause of action had accrued, there was not sufficient showing that the action was prematurely brought.

**Same.** After the defendant has appeared and answered, the defense that the action was prematurely brought is purely a matter of abatement, and can not be urged for the first time on appeal as a ground for reversal.

*Appeal from Adams District Court.*—HON. H. M. TOWNER, Judge.

THURSDAY, FEBRUARY 9, 1911.

ACTION for divorce on the ground of cruel and inhuman treatment. There was a decree for the plaintiff. Defendant appeals. *Affirmed.*

*T. L. Maxwell* and *D. W. Higbee*, for appellant.

*Meyerhoff & Gibson*, for appellee.

EVANS, J.—Plaintiff and defendant were married on September 10, 1907. Plaintiff was about seventy years of age and defendant about fifty-four, and each had previously been married. The plaintiff was a resident of Corning and had a home there. The defendant was a resident of Creston and she had a home there. 'After the marriage the parties occupied the home of the defendant at. Creston.. The marriage seems to have been lacking in affinity, and the brief period of cohabitation was one of daily hostilities. These became particularly active and open about October 13, 1907, when the defendant left the plaintiff and her home for a period of a week or more. She returned later for a day or two, but brought no dove of peace. She left again, and afterwards on November 16th caused a written notice to be served on the plaintiff to vacate her premises. The plaintiff thereupon went back to his home at Corning. On December 3, 1907, the defendant brought an action of divorce against the plaintiff on the ground of cruel and inhuman treatment. The plaintiff filed a cross-bill in that action asking a divorce from her on the same ground. After a trial had, the court dismissed both the petition and the cross-bill in that action.

In the present action the plaintiff alleges both desertion and cruel and inhuman treatment as grounds for divorce. As against the claim of cruel and inhuman treat-

1. MARRIAGE
AND DIVORCE:
desertion:
evidence.

ment, the defendant pleads the former adjudication above referred to. We first direct our attention, therefore, to the question whether the evidence in the record sufficiently supports the charge of desertion to warrant the decree entered in the lower court. At this point only a question of fact is involved, and we will not review the details of the evidence. We think the evidence is sufficient in that respect. The former decree was entered in February, 1908. It is urged upon our attention that in March, 1908, the defendant offered to live with the plaintiff, and that he paid no atten-

tion to her offer.   It is said that under these circumstances
no cause of action has ever accrued to the plaintiff upon
the ground of desertion.   The alleged offer on the part of
the defendant consists of two letters which she caused to
be written to him through her attorney.   The substance of
her first letter was that she asked the plaintiff to come
back to Creston and try it again.   The substance of the
second letter was that she had incurred some bills which
she desired that he should pay.   The main reliance is
placed upon the first letter.   Assuming that this letter was
delivered or mailed to the plaintiff (which does not appear
from the evidence), we think it avails very little to the
defendant.   It is not only qualified and guarded in its
terms, but when considered in the light of the other testi-
mony in the case it is manifestly colorable.   The trial judge
had the parties before him.   He was the same judge who
had heard the first case.   We think from the whole record
he was quite justified in ignoring such letters as being a
mere ruse to prevent the accruing to plaintiff of a cause
of action for divorce on the ground of desertion.

The appellant also urges upon our attention that the
action was prematurely brought.   In support of this con-
tention it is claimed that this action was commenced on
September 1, 1909, and that the cause of
action did not accrue before November 16,
1907.   The claim of the plaintiff, appellee,
is that his cause of action accrued on October
13th.   There are two reasons why the point thus urged is
not available to the appellant:   (1) It does not appear
from the record before us when the action was commenced.
It does appear that the petition was filed September 1,
1909, but this was not necessarily a commencement of the
action.   Whether jurisdiction of the defendant, appellant,
was obtained by service of notice or by voluntary appear-
ance. does not appear.   She did appear and filed her answer
and counterclaim on November 17, 1909.   At this time the

2. SAME:
   commencement
   of action:
   premature ac-
   tion: evidence.

plaintiff's cause of action had accrued without question. (2) The point now urged was not raised in any manner in the lower court.

Inasmuch as the defendant appeared and answered and filed a counterclaim after the plaintiff's alleged cause of action had fully accrued, the question whether the suit was prematurely commenced was purely a matter of abatement. Even if the trial court might properly have taken notice of it of its own motion in a divorce case, nevertheless the defendant, appellant, will not be permitted to raise the question on appeal for the first time as a ground of reversal.

3. SAME.

On the whole record we are satisfied that a proper decree was entered, and it is, accordingly, *affirmed.*