FRED BLUMER, Appellee, v. CHARLES SCHMIDT, JR., Appellant.

**Negotiable instruments:** CONSIDERATION: PAROL EVIDENCE: VARIANCE
1  OF WRITING. Where a note and written contract were executed as parts of the same transaction, the contract purporting to be the consideration for the note, which was plain and unambiguous and unimpeached for fraud or mutual mistake, evidence in a suit upon the note by an assignee that the consideration was other than that recited in the contract, or that it had failed, was inadmissible; as the assignee was not a stranger to the transaction in a legal sense so as to render oral evidence in contradiction or explanation of the writing admissible.

**Same:** CONSIDERATION: EVIDENCE. Where defendant pleaded the af-
2  firmative defense that there was no consideration for the note in suit, or that the consideration had failed, plaintiff was entitled under his denial by operation of law to offer in evidence a written contract, made as part of the same transaction as the note and purporting to be the consideration therefor.

**Same:** PAROL EVIDENCE: FRAUD, ACCIDENT AND MISTAKE. Where fraud,
3  accident or mistake is alleged respecting a written contract, parol evidence is admissible to prove the allegations; but if insufficient for that purpose the contract will stand and be enforceable according to its terms, regardless of such evidence.

Trial: TRANSFER TO EQUITY: PREJUDICE. Where the defendant was in a better position to appeal from a judgment in a law action than he would have been to appeal from a decree in equity, any error in refusing to transfer the cause to the equity side of the docket for the purpose of permitting him to bring in other parties was harmless.

*Appeal from Pottawattamie District Court.*—HON. THOMAS ARTHUR, Judge.

SATURDAY, APRIL 11, 1914.

ACTION upon a promissory note for $1,100, executed by the defendant to John Blumer, as payee, and transferred by the payee to the plaintiff. An affirmative defense of mistake and failure of consideration was pleaded. There was a directed verdict for the plaintiff, and the defendant appeals.— *Affirmed.*

*A. L. Preston,* for appellant.

*I. D. Shuttleworth* and *G. W. Cullison,* for appellee.

EVANS, J.—The affirmative answer of the defendant was voluminous and consisted of several amendments. The following quotation from the first amendment will be sufficient to indicate the general nature of the defense:

That prior to April 29, 1909, one John Blumer and defendant and one Charles Schmidt, Sr., and one E. L. Schmidt were stockholders in the Schmidt Department Store, a corporation organized under the laws of Iowa, and that each of said four parties owned an equal amount of the stock of said corporation. That said corporation was engaged in the general mercantile business in Avoca, Iowa. That on or about April 29, 1909, the said corporation, by and with the consent of all the stockholders, traded their stock of goods and merchandise to one Johnson for three-quarter sections of land in the state of South Dakota. That the title to said land, by agreement of all the stockholders, was taken in the name of this defendant as trustee for all the stockholders with the understanding that the same should be sold on the market, the accounts

of the different stockholders should be adjusted and balanced, and the proceeds from the sale of said real estate distributed among the stockholders in proportion to their respective shares, after the adjustment of individual accounts and after the payment of other indebtedness of the said company for wholesale accounts and moneys borrowed. That thereupon the said corporation went out of business. That at the time the said corporation had large amounts of money outstanding against the customers of the business, and the said accounts were by agreement of all stockholders left in the hands of this defendant for collection, with the agreement and understanding that collections made by this defendant should be accounted for to the respective stockholders and taken into account in the final distribution of the proceeds from the sale of said real estate after the payment of the indebtedness of the company. That the note in suit was given by this defendant to said John Blumer as the estimated value of the net interest of the said John Blumer in the said real estate and accounts. That the said South Dakota real estate has not been sold because of the poor condition of the real estate market in South Dakota, but still stands in the name of this defendant. That a large amount of the outstanding accounts referred to remain uncollected and are uncollectible. That this defendant has paid a large amount of the indebtedness of the said corporation out of his own individual funds, of which amount the said John Blumer should pay his proportionate share. That this defendant has spent much time and money in collection of accounts belonging to the said corporation, and that he is entitled to a reasonable compensation therefor. That $600 would be a fair and reasonable compensation for such services, of which amount said John Blumer should stand his proportionate share. That the net value of the interest of said John Blumer in the assets of the said company after the payment of the company's indebtedness does not exceed $2,000. That, at the time said company went out of business, the said John Blumer was indebted to the company on his individual account in the sum of $860.68, which amount, with interest thereon amounting to $100, making a total of $960.68, should be deducted from the $2,000 above named, leaving a balance of $1,039.32. That, at the time of giving the note in suit, this defendant paid to said John Blumer the sum of $500 in cash, to be applied on the amount coming to him out of the

company's business, and at the same time gave his other note for $500 for the same purpose, which note has been paid.` That, after deducting the $1,000 so paid and the amount of this defendant's counterclaim set out in count 2 of the original answer, it will be found that the said John Blumer has received more than his entire share in the property of said corporation. That, because of the facts above stated, this defendant says that the consideration of the note in suit has wholly failed, and that nothing is due thereon. Defendant further states: That the note in suit was transferred by the said John Blumer to the plaintiff herein without consideration and before maturity and for the purpose of defrauding this defendant. That this defendant has at all times stood ready and willing to make full accounting for the property in his hands belonging to the said stockholders of the said Schmidt Department Store and to pay whatever amount may be found due to the respective stockholders.

The note sued on contained the clause "transferable to Fred Blumer only." The trial court held that this clause opened the note to the defendant's defense as against the plaintiff, as transferee thereof. Over appropriate objections, defendant introduced his own oral testimony tending to support the allegations of his affirmative answer. The substance of such testimony was that the note was not intended as a promise to pay but was intended only to evidence a tentative estimate of what would become due to the payee out of the proceeds of property of the Schmidt Department Store; that, in the light of subsequent events, nothing was due such payee; but that, on the contrary, he had been overpaid. It developed, however, upon the cross-examination of the defendant, that at the same time the note was executed a written contract was entered into between the parties to the note, and that the note was given in connection with such contract. Such contract, being identified by the defendant as a witness, was offered in evidence by plaintiff's counsel. Such contract was as follows:

This contract made and entered into this 29th of July, 1910, by and between Charles Schmidt, Jr., party of the first

part, and John Blumer, party of the second part, witnesseth: That the party of the first part pays to the party of the second part the sum of $2,100 for the consideration hereinafter given, as follows, to wit: Five hundred dollars cash, receipt of which is hereby acknowledged, five hundred dollars payable November 1, 1910, and the sum of eleven hundred dollars payable twelve months from the date of this contract; the said payments to be made November 1, 1910, and the payment twelve months from date of said contract to be evidenced by two promissory notes drawing 6 per cent. interest from date. In consideration of the above payments the said party of the second part hereby releases all claims of any kind and character that he may have against the Schmidt Department Store, and this contract shall be full and complete settlement of all claims that the parties herein have against each other by reason of being stockholders in the Schmidt Department Store. Dated this 29th day of July, 1910. [Signed] Charles Schmidt, Jr., John Blumer.

The defendant then resting his evidence, the plaintiff moved to strike his parol evidence as incompetent and moved for a directed verdict. The motion was sustained. Under 1. NEGOTIABLE IN-STRUMENTS: consideration: parol evidence: variance of writing. the evidence of the defendant, the note sued on and the written contract were parts of the same transaction and of the same contract. They were not impeached for fraud nor for a mistake that was mutual. These writings are plain and unambiguous in their terms. The evidence of the defendant, which is relied on in support of his affirmative defense, is clearly contradictory to the plain terms of these writings. The written contract which purports to be the consideration for the note in suit is known in the record as Exhibit 10. This contract was not pleaded by either party, but it was directly involved in the issue made on the question of the consideration for the note and the alleged failure thereof. The appellant contends that he was not precluded from contradicting the terms of Exhibit 10 because the plaintiff was not a party to such contract. The appellant invokes the rule that, as between a party to a written instrument and a stranger

to such instrument, oral evidence is admissible to contradict or explain such instrument. *Clark v. Shannon,* 117 Iowa, 645; *Livingston & Shaller v. Stevens,* 122 Iowa, 62; *Aultman Engine Co. v. Greenlee,* 134 Iowa, 368. This rule, however, is not available to the appellant, because the plaintiff herein is not a "stranger," in a legal sense, to the written contract involved. He holds his cause of action by assignment from John Blumer, and stands in the shoes of his assignor. He became bound by the terms of his assignor's contract; and to the same extent the other party to the contract became bound to him as assignee. The rights and obligations of the assignee and the other party to the contract are mutual in the same sense as were the rights of the original parties. The reason why a party to a written instrument may contradict it by parol as against a stranger thereto is that such stranger was never bound by the obligations of the written contract and was and is himself free to contradict it by parol evidence as against a party thereto. The reason of the rule is absent in such a case as the one at bar, and the rule itself is therefore not applicable.

In the state of the record, therefore, the trial court properly gave effect to the terms of the note and the written contract in pursuance of which it was executed, and refused to give effect to oral evidence in contradiction thereof. It necessarily follows that the verdict was properly directed.

II. It is urged by appellant that Exhibit 10 should not have been considered because it purported to be a settlement, and that no settlement had been pleaded by the plaintiff. The contract did not purport to be a

2. SAME: consid-
   eration: evi-
   dence.

settlement of the note sued on. On the contrary, the note was given in pursuance of, or as a part of, the contract. The defendant's affirmative defense of no consideration and failure of consideration was denied by operation of law. Exhibit 10 was admissible under such denial. It completely negatived the claim of the defendant

as to what the original consideration was and as to the failure of such consideration.

III. It is next urged that, where fraud, accident, or mistake is alleged respecting a written instrument, parol evidence is admissible, although it may have the effect to contradict the terms of the instrument itself.

3. SAME: parol evidence: fraud, accident and mistake. *Officer v. Howe*, 32 Iowa, 142; *Van Dusen v. Parley*, 40 Iowa, 70. Under such rule, however, the parol evidence is admissible only to prove the fraud, accident, or mistake, and thereby to impeach the contract. If the parol evidence, when introduced, is insufficient to prove fraud, accident, or mistake, the contract will stand and will be enforceable according to its terms, regardless of the parol evidence. In the case at bar the parol evidence was not sufficient to sustain a finding of fraud, accident, or mistake. In the absence of such finding, the parol contradictions cannot be weighed as evidence against the provisions of the written contract.

IV. Error is predicated upon a question of practice as to whether the trial court should have transferred the case to the equity side, and whether it should have permitted the defendant to bring in John Blumer and other

4. TRIAL: transfer to equity: prejudice. parties. In view of our conclusion upon the merits of the case, it is unnecessary that we go into this question. For the purpose of appeal, the defendant was in a better position to appeal from an order directing a verdict against him than he would have been to appeal from a decree in equity. In the light of our present holding, therefore, the appellant suffered no prejudice at that point.

We reach the conclusion, therefore, that the order of the trial court must be—*Affirmed.*

LADD, C. J., and WEAVER and WITHROW, JJ., concur.