No. 20,189.

THE FARMERS' AND DROVERS' BANK, *Appellee,* v. J. C. BASHOR, *Appellant.*

### SYLLABUS BY THE COURT.

1. PROMISSORY NOTE—*Transferred by Indorsement—Guaranteeing Payment—Payee Secondarily Liable.* The payee of a note who transfers it by an indorsement guaranteeing payment becomes secondarily liable within the meaning of section 127 of the negotiable instruments act (Gen. Stat. 1909, § 5373).

2. SAME—*Extension of Time—Release of Person Secondarily Liable.* A person secondarily liable is discharged by any agreement binding on the holder to extend the time of payment unless the agreement be made with such person's assent or unless recourse against him be expressly reserved. (Negotiable Instruments Act, § 127, Gen. Stat. 1909, § 5373.)

3. SAME—*Extension of Note—Meaning of "Assent."* Assent as used in section 127 of the negotiable instruments act (Gen. Stat. 1909, § 5373) means concurrence in the agreement to extend the time of payment when made. Without such assent an agreement to extend time of payment *ipso facto* discharges the person secondarily liable.

4. SAME—*Knowledge of Extension—Does Not Imply "Assent."* Knowledge of an extension does not alone constitute assent, and it is not necessary that an extension be expressly objected to to entitle a person secondarily liable to his discharge.

5. SAME—*Release by Extension of Time—Revival of Liability.* After a person secondarily liable has been discharged by an extension made without his assent his liability can be revived only by virtue of a new contract or by virtue of conduct creating estoppel.

Appeal from Morris district court; ROSWELL L. KING, judge. Opinion filed October 7, 1916. Reversed.

*Edwin Anderson,* of Council Grove, *O. S. Samuel,* and *O. B. Hartley,* both of Emporia, for the appellant.

*M. B. Nicholson,* and *W. J. Pirtle,* both of Council Grove, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover on a promissory note given to the defendant and by him indorsed and delivered, to the plaintiff under an indorsement guaranteeing payment. The plaintiff recovered and the defendant appeals.

The note was given to the defendant by R. E. Rader, and was payable on September 1, 1913. Before maturity the defendant transferred the note to the plaintiff under the following guaranty indorsed on the back:

"For value received I hereby guarantee the payment of the within note at maturity or at any time thereafter, with interest at the rate of 8 per cent per annum until paid, waiving demand, notice of non-payment and protest."

On August 26 the bank extended the time of payment, without consideration, to October 1. On September 2 the defendant paid $25 on the note, which sum he had obtained from Rader for the purpose. There was evidence that at that time the defendant was informed of the extension to October 1. On October 1 the time of payment was extended to December 1, Rader paying interest in advance for the extension. The president of the bank testified to the negotiations for the purchase of the note, consummated by execution of the guaranty and delivery of the note. He further testified that he had a number of conversations with the defendant in which he told the defendant about the extensions. The court instructed the jury that if the defendant had knowledge of the extension he was liable. The instruction was erroneous. No right to extend the time of payment was reserved to the bank in the guaranty, and

in order to be bound by the second extension it was necessary that the defendant assent to it. (Negotiable Instruments Act, § 127, Gen. Stat. 1909, § 5373.) Knowledge alone does not constitute assent, and it is not necessary that a surety or guarantor having knowledge of an extension should expressly object to it to entitle him to his discharge. (1 Brandt, Suretyship and Guaranty, 3d ed., § 379.)

The court gave the jury an instruction relating to ratification of the extension by the defendant by treating the guaranty as a subsisting obligation. This instruction was also erroneous. It was broad enough to permit the jury to find against the defendant because of the payment made on the note after the first extension. That extension did not discharge the defendant, and if it had been binding on the bank and had been assented to by the defendant, those facts would not have authorized the bank to grant a second extension. (1 Brandt, Suretyship and Guaranty, 3d ed., § 379.) Furthermore, the defendant was a party secondarily liable. (*Bank v. Bellamy,* 19 N. Dak. 509, 125 N. W. 888, 31 L. R. A., n. s., 149.) He was discharged by any agreement binding on the bank to extend the time of payment, unless the agreement were made with the defendant's assent or unless recourse against him were expressly reserved. (Negotiable Instruments Act, § 127, Gen. Stat. 1909, § 5373.) Assent to an agreement extending time of payment means concurrence in the agreement when made. An extension without such assent *ipso facto* discharges the party secondarily liable, and he can again become liable only by virtue of a new contract or by virtue of conduct creating estoppel.

The judgment of the district court is reversed and the cause is remanded for a new trial.