JOHN F. KEEFER, Appellant, v. R. B. VALENTINE, Appellee.

CONTRIBUTION: Joint Indorsers of Note—Payment Before Maturity—Effect. The act of one or more joint indorsers of a promissory note in paying the note *before it is due* does not detrimentally affect his or their right to contribution from other nonpaying joint indorsers.

CONTRIBUTION: Premature Actions—When Immaterial. A joint indorser of a promissory note who pays the note *before* it is due is premature in instituting an immediate action for contribution from another joint indorser; but such prematurity is immaterial when no plea of abatement is entered, and when the action is tried *after* the note would have fallen due.

PLEADING: Premature Actions—Refiling of Petition. When the allegations of a petition in an action *prematurely* brought are full and complete, and no plea in abatement is interposed, and the action is in fact tried at a time when the action would not be premature, no refiling of the petition or of any supplement thereto is necessary.

BILLS AND NOTES: Liability of Indorser—Extension of Time of Payment Without Consideration. A party secondarily liable on a promissory note is not released by an agreement for an extension of time of payment to which he was not a party, when such agreement was *wholly without any supporting consideration.*

BILLS AND NOTES: Liability of Indorser—Consent to Extension of Time of Payment. A joint indorser of a promissory note who consents to an extension of time of payment is not released either to the maker or to another joint indorser who pays the note.

PARTNERSHIP: Actions Between Partners—Contribution Between Partners—Basis of Liability. Where partners jointly indorse the promissory note of the partnership in order to raise partnership funds, the liability of one of the indorsers to make contribution to another indorser who pays the note does not rest on the fact that the defendant is a *member* of the partnership, but on the fact that the defendant is a *cosurety,* and has in law impliedly agreed to make contribution to the other cosurety, who pays the note in full. The unsettled condition of the partnership affairs has nothing to do with said liability.

CONTRIBUTION: Extent of Right—Insolvency of Co-indorser. One of several joint indorsers of a promissory note who pays the note may enforce full contribution from all other *solvent* indorsers.

Headnote 1: 13 C. J. p. 824. Headnote 2: 13 C. J. p. 824. Headnote 3: 31 Cyc. p. 504 (Anno.) Headnote 4: 8 C. J. p. 435. Headnote 5: 8 C. J. p. 449. Headnote 6: 30 Cyc. p. 467 (Anno.) Headnote 7: 8 C. J. p. 587 (Anno.); 13 C. J. pp. 825, 827 (Anno.)

*Appeal from Marshall District Court.*—B. F. CUMMINGS, Judge.

### MAY 12, 1925.

ONE of several co-indorsers of a note, who had paid the note, sued, for himself and as assignee of the others, for contribution from a co-indorser, where, if liable at all, the indorsers were jointly liable. From judgment on a directed verdict for defendant, the plaintiff appeals.—*Reversed and remanded.*

*F. E. Northup,* for appellant.

*C. H. E. Boardman,* for appellee.

VERMILION, J.—It is conceded that the Mary Grace Oil & Gas Association, Limited, was a copartnership. Its membership was large, and its business appears to have been conducted by officers and a board of directors, after the manner of a corporation. On April 27, 1920, the partnership borrowed $5,000 of M. F. Diehl, to be used in its business. It executed a note therefor, payable to Diehl, due on or before six months from date. The note was signed in the name of the partnership, by the appellant Keefer, as president, and Walter I. Zink, as secretary and treasurer, and indorsed on the back, before its delivery to the payee, by R. S. Grossman, W. S. Montgomery, and the appellee, Valentine. All of these parties were members of the partnership. Certain payments of interest and principal were made, and indorsed on the note. The following further indorsements appear thereon:

1. CONTRIBUTION: joint indorsers of note: payment before maturity: effect.

"Balance to fall due on or before 6 mo. from date of payment of 500 Jan. 27, 1921."

"Time extended to on or before March 1, 1922."

The appellant, Keefer, conceded his liability as an indorser

of the note, and we do not understand this to be questioned by appellee. The appellant and Grossman and Montgomery paid the balance due on the note to the payee, Diehl, on December 20, 1921. Thereafter, but before the maturity of the note according to the last extension of time, the appellant, for himself and as assignee of Grossman and Montgomery, brought this action against the appellee for contribution. At the close of the evidence for plaintiff, the court, on motion of the defendant, directed a verdict for the defendant. The motion was upon the grounds: (1) That the note was not due at the time the suit was commenced, and the action was premature; (2) that the defendant, as an indorser, had been released by the extension, without his consent, of the time of maturity of the note; (3) that it was sought to hold him as a partner, and there had been no settlement of the partnership affairs; (4) that it appeared from the evidence that Zink was also liable, and there was no effort to hold him.

This is not an action on the note, but is a demand, by indorsers who have paid the note, upon a co-indorser for contribution. There is no question of the order of the indorsements; they were all made before the delivery of the note to the payee, and were for the accommodation of the maker of the note, the Mary Grace Oil & Gas Association, Limited. Section 3060-a64, Code Supplement, 1913 (Section 9524, Code of 1924). It cannot be doubted that, under such circumstances, where one indorser pays the note, a right to contribution from a co-indorser arises by legal implication from the fact of cosuretyship and the payment by one co-indorser of the whole debt. *Novak v. Dupont,* 112 Iowa 334; *Flickinger v. Price,* 165 Iowa 570.

We turn to a consideration of the propositions advanced by appellee in his motion for a directed verdict.

I. Assuming the extension of time to be binding, it may be conceded that the action was prematurely brought, in that it was commenced before the note was due under the last extension. *Yates v. Donaldson,* 5 Md. 389 (61 Am. Dec. 283); *Dedman v. Williams,* 2 Ill. (Scam.) 154. The payment of the note, while it created the liability, did not hasten the day of payment for the co-surety, as that was expressed in the contract of the parties.

2. CONTRIBUTION: premature actions: when immaterial.

*Truss v. Miller,* 116 Ala. 494 (22 So. 863). But the payment of the note before it was due was not fatal to the appellant's right to recover. The mere fact that the payment of the note by appellant and his assignors was before its maturity, did not bar his right to contribution. 13 Corpus Juris 824; *Craig v. Craig,* 5 Rawle (Pa.) 91. In *Dennison v. Soper,* 33 Iowa 183, suit was brought by a surety against the principal, not only before maturity of the note, but before its payment by the surety. The decision was put upon the ground that "a surety has no right of action against his principal, in respect to the debt for which he is surety, until he has paid such debt for his principal." But see *Gribben v. Clement,* 141 Iowa 144. No plea in abatement was filed. The appellant and his assignors, while they paid the note before it was due, had paid it before suit was brought. Nothing but time was wanting to fix the appellee's liability, and that had elapsed, the note had matured under the last extension, before the cause was tried. No prejudice resulted from the premature bringing of the suit. It is true, no

3. PLEADING: premature actions: refiling of petition.

supplemental petition was filed after the maturity of the note. *Little v. Pottawattamie County,* 127 Iowa 376. Nor do we think it was necessary, in this case. The note and the various extensions of time were set up in the petition. It thus appeared that the note was due at the time of the trial. All the necessary facts to entitle the appellant to maintain the action at that time were pleaded. A supplemental petition could have done no more than to add the legal conclusion that the right of action was then mature. As sustaining our conclusion on this branch of the case, see *Gribben v. Clement,* supra; *Bohanan v. Bohanan,* 150 Iowa 182; *Thompson v. Yousling,* 196 Iowa 363.

II. It is insisted that the appellee was released by the extension of time of maturity of the note. The contention cannot be sustained, for two reasons. In the first place, on the

4. BILLS AND NOTES: liability of indorser: extension of time of payment without consideration.

record presented, it appears that there was no consideration for the extension of the time of payment of the note. There was no agreement on the part of either the maker—assuming that the indorsers who procured the extension were acting for the partnership—or the indorsers to keep the money

and pay interest upon it for a fixed or specified time. The extension agreements, as indorsed on the note, provided that the note was to fall due "on or before" six months from a stated date, and that the time was extended "to on or before" a given date. The maker still had a right to pay the note at any time. *Pagal v. Nickel,* 107 Wis. 471 (83 N. W. 767); *Lovenberg v. Henry,* 104 Tex. 550 (140 S. W. 1079). There was no prepayment of principal or interest. Neither maker nor indorsers did or agreed to do anything they were not already bound to do. They suffered no detriment, and the payee received nothing to which he was not already entitled. *Van Dusen v. Parley,* 40 Iowa 70; *Lahn v. Koep,* 139 Iowa 349; *Conkling v. Young,* 141 Iowa 676; 8 Corpus Juris 435, 438. A valuable consideration is essential to the validity of an agreement to extend the time of payment of a note. *Goodman Mfg. Co. v. Mammoth V. Coal Co.,* 185 Iowa 253. If there was no binding agreement for the extension of the time of payment, the indorser was not released. Section 3060-a120, Code Supplement, 1913.

But, passing that, and assuming the validity of the extension of time, there was still no ground for a directed verdict for the appellee. The extension of time must have been without the consent of the indorser, to operate to relieve him even as against the payee. Section 3060-a120, Code Supplement, 1913 (Section 9581, Code of 1924). There was evidence from which the jury might have found that appellee assented to the various extensions of time. If he did so assent, he was not released from liability, either to the payee on the note or to a co-indorser who paid the note, for contribution. *Farmers' and Drovers' Bank v. Bashor,* 98 Kan. 729 (160 Pac. 208).

5. BILLS AND NOTES: liability of indorser: consent to extension of time of payment.

III. It should require no citation of authorities to support the statement that appellee could not be held in this proceeding at law, merely as a member of the copartnership. While the petition contains an allegation to that effect, and this was not attacked, the fact that appellee was a member of the partnership affords no basis for a recovery in this action by one partner as against another. The fact, however, that there had been no settlement of the partnership affairs was not a defense

6. PARTNERSHIP: actions between partners: contribution between partners: basis of liability.

to the action for contribution, based upon the payment of the note by his co-indorsers. His liability here, if any, must be predicated, not upon his partnership relation, but upon the right to contribution in his co-indorsers, arising by implication of law from his relation as a cosurety with them, and the payment by them of the note. So far as the note itself related to partnership affairs, it had been segregated therefrom. *Ristine v. Ruml,* 197 Iowa 1193; *In re Estate of Talbott,* 203 N. W. 303.

IV. There was evidence that Zink, whose liability as a co-indorser appears also to be conceded, although his name appears on the face of the note as an alleged officer of the partnership, was insolvent. It is well settled that one of several joint obligors who pays the debt is entitled to contribution from the other solvent obligors. His right is to have contribution. All others who are jointly bound with him and are solvent,— not alone the one who pays,—must bear their proportion of the loss resulting from the insolvency of one of them. *Flickinger v. Price,* supra; *Owens v. Greenlee,* 68 Colo. 114 (188 Pac. 721); 2 Randolph on Commercial Paper (2d Ed.), Section 877.

7. CONTRIBUTION: extent of right: insolvency of co-indorser.

The only question before us arises on the action of the court below in directing a verdict for the defendant. This, for the reasons pointed out, was clearly erroneous. The judgment is, therefore, reversed, and the cause remanded.—*Reversed and remanded.*

Faville, C. J., and Stevens and De Graff, JJ., concur.