L. B. CORLEY *v.* P. M. FRENCH *et al.*

(*Nashville.* December Term, 1926.)

Opinion filed, March 12, 1927.

1. NEGOTIABLE INSTRUMENT LAW.  Acts 1899, ch. 139. Payee-holder.  Endorser.  Waiver of demand, notice and protest.

The effect of the waiver, demand, notice and protest by an endorser does not convert his secondary liability into a primary one; his liability is secondarily without the right to interpose defenses based upon the waiver.  (Post, p. 675.)

Citing: In re Bussini & Co., Inc., 183 Fed. 827; Dunnegan v. Stevens, 122 Ill., 396.

Citing and explaining: Farmers, etc., Bank v. Bashor, 98 Kan., 729, 160 Pac., 206; Northern State Bank v. Bellamy, 19 N. D., 516, 125 N. W., 88, 31 L. R. A. (N. S.) 149; 2 Paton's Digest, 1926 Ed., secs. 3566a and 3569b.

2. SAME.  Same.  Same.  Payment.  Presentment.

Every endorser of a negotiable note "engages that on due presentment it shall be paid according to its tenor."  Presentment is dispensed with by waiver of demand, notice and protest.  (Post, p. 676.)

Citing: Secs. 66 and 82 of Negotiable Inst. Acts, 1899.

3. SAME.  Same.  Same.  Constructive tender of payment by maker.

If it appears that the maker of a negotiable paper is both able and willing to pay the instrument at the bank named therein at maturity, a constructive tender would have accrued as to him, and such tender might have constituted such a valid tender of payment made by a principal party, as would have operated to discharge an endorser; both elements of ability and willingness must concur to be equivalent of a tender of payment.  (Post, p. 677.)

Citing: Secs. 70 and 120, Acts 1899, Negotiable Inst. Law.

4. **SAME.** Same. Same. **Presentment for payment. Right of action.**

Without presentment the payee-holder has his right of recourse upon dishonor, that is, failure to pay, against those primarily liable, such as the maker, and against those secondarily liable, who have waived presentment, or those to whom, not having so waived, the prescribed steps have been taken. (Post, p. 677.)

Citing: Sec. 83, Art. VI, Acts 1899, Negotiable Inst. Law.

5. **SAME.** Same. Same. **Payment. Application of maker's funds.**

Section 87 of the Acts of 1899 reads: "Where the endorsement is made payable at a bank, it is equivalent to an order to the bank to pay same for the account of the principal debtor thereon." The right of the bank to so apply its debtor's funds exist when the bank was not only the place of payment but the payee and holder of the instrument. (Post, p. 678.)

Citing: Binghampton Phar. v. Bank, 131 Tenn., 711, 718.

---

FROM DAVIDSON

---

Appeal from the Chancery Court of Davidson County. —HON. JOHN R. AUST, Chancellor.

J. G. LACKEY and C. H. RUTHERFORD, for plaintiff.

DAN McGUGIN, WM. E. STEGER and E. L. McNEILLY, for defendant.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The bill in this cause was filed by the payee-holder of a note for $2500 against certain endorsers, the maker, a corporation, having been adjudged a bankrupt. From

a judgment against one of the defendants, H. G. Nickol, the suit having been dismissed as to his co-defendants on pleas of bankruptcy, he appealed to the Court of Appeals, where the judgment was affirmed.

Various defenses relied on below are conceded to have been finally disposed of against defendant Nickol by concurrent findings of fact. In his petition to this court it is in substance insisted, (1) that petitioner was secondarily, and not primarily, liable on the note; (2) that therefore he was discharged by an alleged constructive tender of payment, by the maker, under sections 70, 87 and 120 of the Negotiable Instruments Act of 1899; and, (3) that he was discharged by the laches of the payee in failing to collect from the corporate maker while solvent.

The construction and application of the sections cited of the Negotiable Instruments Act calls for the consideration of questions not heretofore directly passed on in this State. The note was drawn payable "One day after date," to the order of the complainant below, "at the American National Bank," and contained on its face the recital that, "the makers and endorsers of this note severally waive the necessity of demand, notice or protest, if the note is not paid at maturity." It was signed on the face "Volunteer Mfg. Co., by P. M. French, Sec. & Treas.," and endorsed on the back by petitioner Nickol and others. It was not presented at or to the Bank either at maturity or later, and the record indicates that at the time of its maturity the corporate maker had funds on deposit with this Bank, incident to its routine business, in excess of the amount of the note.

The Court of Appeals and the Chancellor held that the effect of the waiver in the note of demand, notice and protest was to convert the endorser's secondary liability into a primary liability, and being primarily liable he was absolutely bound and not entitled to rely upon the defense of tender provided for in the sections above cited. While the effect of the waiver was to make the endorser liable without the necessity of presentment, we are not of opinion that he thus became technically, or strictly, "primarily" liable. He continued to be secondarily liable, but .without the right to interpose defenses based upon want of presentment, notice and protest. His obligation by virtue of the waiver became absolute and unconditional *with respect to defenses so grounded.* This is the holding, and no more, in the cases cited on the brief of counsel for the respondent Corley. See *In re Bussini & Co., Inc.,* 183 Fed., 827 and *Dunnegan* v. *Stevens,* 122 Ill., 396. But, with respect, for example, to the effect of an extension of the time of payment, the endorser's liability continues secondary, despite such a waiver, and unless he assents he is discharged—which is not true of one primarily liable. See *Farmers, etc., Bank* v. *Bashor,* 98 Kan., 729, 160 Pac., 208, and *Northern State Bank* v. *Bellamy,* 19 N. D., 516, 125 N. W., 88, 31 L. R. A. (N. S.), 149, and other authorities cited in the 1926 edition of Paton's Digest, Vol. .2, sections 3568a and 3569a. The distinction, however, is perhaps chiefly one of terms rather than substance, as applicable to the instant case, for the result is the same.

By section 66 of the Negotiable Instruments Act of 1899, every endorser of a negotiable note "engages that, on due presentment, it. shall be  .  .  .  paid according

to its tenor." By section 82, "Presentment for payment
is dispensed with . . . by waiver." It follows that
every endorser who has waived presentment is liable to
the holder without reference to presentment. Provisions
relating to presentment are wholly inapplicable, includ-
ing the prescribed proceedings on dishonor otherwise
"necessary." No steps need be taken by the holder upon
maturity to charge the waiving endorser, who, "engages"
that "it shall be paid according to its tenor," without
presentment, and whether "proceedings on dishonor be
duly taken" or not.

Section 83 of Article VI, which treats of "presentment
for payment," provides that, "the instrument is dis-
honored by non-payment when . . . presentment is
excused," as in the instant case, "and the instrument
is overdue and unpaid;" and, by section 84, "when an
instrument is dishonored by non-payment an immediate
right of recourse to all parties secondarily liable there-
on accrues to the holder."

The obvious meaning is that without presentment the
holder has his right of recourse upon dishonor, that is
failure to pay, against those primarily liable, such as
the maker, *and* against those secondarily liable, who have
waived presentment, or those as to whom, not having so
waived, the prescribed steps have been taken.

In this view it follows that it is immaterial whether
the effect of the waiver of presentment, etc., by this en-
dorser was to bring him within the definition of the
term "primarily liable" or not. The result, as before
said, is the same.

But insisting, as we concede, that this endorser was
"secondarily liable" only, despite his waiver, in the

meaning of this term as used in section 120, by which it is provided that one so liable only is discharged "by a valid tender of payment made by a prior party," it is said (1) that an actual tender was made, by the maker, a prior party—which contention of fact is foreclosed against appellant by the concurrent finding—and (2) that a constructive tender by the maker, "primarily liable," took place under the provisions of section 70, *supra*, reading as follows: "If the instrument is, by its terms, payable at a special place and he," that is, the person primarily liable, in this case the maker, "is able and willing to pay it there, at maturity, such ability and willingness are equivalent to a tender of payment on his part." This section is without direct application to a party to the instrument who has voluntarily waived presentment of payment. It relates to and protects those as to whom this section of the Act denies the right to exact presentment. However, in the instant case, while under section 70 presentment was not necessary to charge the maker, if it appeared that the maker had been both able *and willing* (as does not appear) to pay the note at the Bank named therein at maturity, a constructive tender would have accrued as to him, and such tender might have constituted such "a valid tender of payment made by a prior party" as would have operated, under section 120, to discharge this endorser. The latter's discharge would have been worked out through the tender by the maker, under section 70. But, while there is evidence that the maker has funds in the Bank at the maturity of the note, possibly so applicable to this debt as to create "ability," there is no evidence, rather to the contrary, of "willingness" on the part of the maker to have such application

made of its funds on deposit, and these elements must concur, by the express terms of the Act, to be "equivalent to a tender of payment upon his part."

Section 87 of the Act reads, "Where the instrument is made payable at a Bank," as in this case, "it is equivalent to an order to the bank to pay the same for the account of the principal debtor thereon." It is urged that under this section it was not only the right of the bank, but its duty, to pay this note from the funds of the maker on deposit with it, that the equivalent of a tender by the maker was thus made which discharged this endorser. None of the authorities cited by counsel for this proposition go further than to hold that it is the *right* of the bank to so apply its depositor's funds, except when the bank was not only the place of payment, but the payee and holder of the instrument. *Binghampton Phar.* v. *Bank,* 131 Tenn., 711, 718. It results that no tender was made by or on behalf of the maker, "primarily liable on the instrument," which operated to discharge this endorser.

In view of the concurrent findings of the lower courts on the pertinent facts, the assignment raising the defense of laches must be overruled.

For the reason stated the decree of the Court of Appeals is affirmed.