Strafford, }
Feb. 7, 1933. }

MERCHANTS NATIONAL BANK *v.* HERMAN E. LEWIS.

*Frank E. Blackburn,* by brief, for the plaintiff.

*Richard E. Shute,* by brief, for the defendant.

MARBLE, J. The case is governed by section 120 of the negotiable instruments act (P. L., c. 312), which provides that a person secondarily liable on a negotiable instrument is discharged by any agreement binding upon the holder to extend the time of payment, or to postpone the holder's right to enforce the instrument, unless made with the assent of the party secondarily liable, or unless recourse against such party is expressly reserved. The person "primarily" liable is the person who by the terms of the instrument is absolutely required to pay the same. All other parties are "secondarily" liable. P. L., c. 312, s. 191.

Obviously, one who guarantees the payment of a promissory note is only secondarily liable thereon, and a binding extension of time by the holder to the maker without the guarantor's consent operates under section 120 to release the guarantor from liability. Brannan, Negotiable Instruments (5th *ed.*), *pp.* 913, 914; *Farmers' &c. Bank* v. *Bashor,* 98 Kan. 729; *Northern State Bank* v. *Bellamy,* 19 N. D. 509. Such was the rule in this state before the passage of the negotiable instruments law. *New Hampshire Savings Bank* v. *Ela,* 11 N. H. 335; *Rochester Savings Bank* v. *Chick,* 64 N. H. 410, 411, and cases cited.

The agreement for extension may be express or implied, oral or written (*Cape Charles Bank* v. *Farmers Mut. Exchange,* 120 Va. 771, 778), and reception of interest in advance is *prima facie* evidence of its existence (*Crosby* v. *Wyatt,* 10 N. H. 318, 323; *New Hampshire Savings Bank* v. *Ela,* 11 N. H. 335, 341; *New Hampshire Savings Bank* v. *Colcord,* 15 N. H. 119, 124). In the present case, the indorsement of interest on the note to a future date coupled with acceptance thereof by the plaintiff definitely postponed payment of the note to that date. No action could be maintained against the maker during the period for which the interest had thus been paid (*Crosby* v. *Wyatt, supra*), and the defendant was therefore discharged from liability.

The cases of *Bank Commissioners* v. *Company,* 70 N. H. 536; *McDonald* v. *Fernald,* 68 N. H. 171, and others on which the plaintiff relies, do not deal with the question here presented but merely hold that a guarantor whose promise is unconditional is not entitled to a demand upon the principal debtor or to notice of default.

In accordance with the agreement of the parties, the order is

*Judgment for the defendant.*

All concurred.